Carmella Wenrich, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued January 30, 1978, before Judges Rogers, Blatt and DiSalle, sitting as a panel of three.

*Sanford S. Marateck,* with him *Frank J. Konopka,* and *Lark, Makowski, Marateck & Konopka,* for appellant.

*William J. Kennedy,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

Opinion by Judge DiSalle, March 9, 1978:

This case is before us upon a petition for review of an order of the Unemployment Compensation Board of Review (Board) which disallowed the appeal of Carmella Wenrich (Claimant) from a referee's decision denying her unemployment compensation benefits. The referee determined that the Claimant

was ineligible for benefits pursuant to Section 402(b)
(1) of the Unemployment Compensation Law (Act),
Act of December 5, 1936, Second Ex. Sess., P.L. (1937)
2897, *as amended*, 43 P.S. §802(b)(1), for voluntarily
terminating her employment without cause of a neces-
sitous and compelling nature.

Claimant worked as a turner for Len-Jef Inc. for
approximately five years. On June 8, 1976, Claim-
ant left her employment. For a period of time pre-
vious to this date, Claimant suffered from headaches
and nervous tension. Prior to leaving, she presented
to her employer two medical certificates which re-
flected her physician's advice that she leave her em-
ployment. The first certificate presented stated that
the Claimant was advised to take a leave of absence
but was able to accept employment as of July 6, 1976.
The contents of the second certificate are not part of
the record.

On July 2, 1976, Claimant applied for unemploy-
ment compensation benefits. The Bureau of Employ-
ment Security disallowed her application and Claim-
ant appealed. A hearing before a referee was con-
ducted on September 23, 1976. Claimant was not
represented by legal counsel at this hearing.

The referee found that the Claimant had volun-
tarily terminated her employment without cause of a
necessitous and compelling nature and denied her
benefits pursuant to Section 402(b)(1) of the Act.
Claimant's appeal to the Board was disallowed upon
consideration of the record and she petitioned this
Court for review of the Board's determination.

Admittedly, the medical certificate entered into
evidence discloses that the Claimant was advised by
her physician to quit her employment. The same
certificate states that the Claimant was able to per-
form light work on July 6, 1976. The record also

shows that the Claimant filed an unemployment compensation claim on July 2, without previously requesting lighter work. This would tend to support the referee's conclusion that the Claimant voluntarily terminated her employment without cause of a necessitous and compelling nature. Health reasons which force a person to terminate his or her employment may constitute cause of a necessitous and compelling nature. Such a person must demonstrate, however, that: (1) at the time of termination, adequate health reasons existed to justify termination of employment, (2) the employer was informed of the health problems and, (3) that every effort was made to sustain the employer-employe relationship. *Deiss v. Unemployment Compensation Board of Review*, —— Pa. ——, 381 A.2d 132 (1977).

A close examination of the record, however, demonstrates that proper appellate review of the administrative process in this instance is not possible. The record does not contain the second medical certificate issued by the Claimant's physician. The employer's testimony indicates that he lost the certificate. The record suggests that her physician may have advised the Claimant not to work in the factory under any circumstances. This, unfortunately, was not developed in the record or ruled upon. If the effect of the second certificate was as the testimony suggests, the Claimant would not have been required to request lighter work. It may be that Claimant is eligible to receive unemployment compensation benefits under such a fact situation.

The failure to make a finding based upon the second medical certificate precludes our affirming the determination of the referee and Board. Findings of fact "must include all findings necessary to resolve the issues raised by the evidence and which are rele-

vant to a decision." *Page's Department Store v. Velardi,* 464 Pa. 276, 287, 346 A.2d 556, 561 (1975). Since that was not the case here, we must remand.

ORDER

AND Now, this 9th day of March, 1978, the order of the Unemployment Compensation Board of Review at Decision No. B-137927 is vacated and the case is remanded to the Board for the purpose of taking additional evidence and making new and adequate findings of fact consistent with this opinion.