Alice Kostek, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued September 15, 1978, before Judges MEN-CER, BLATT and MACPHAIL, sitting as a panel of three.

*Germaine Ingram,* for petitioner.

*Reese F. Couch,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, October 25, 1978:

Alice Kostek (appellant) appeals from a decision of the Unemployment Compensation Board of Review (Board) that she voluntarily left her employment and was therefore ineligible for benefits under Section 402(b)(1) of the Unemployment Compensation Law (Act), 43 P.S. §802(b)(1).[1]

The appellant was employed as a packer by the Arthur Thomas Co. (employer) for approximately 14 months when she signed and submitted a letter of resignation. She subsequently applied to the Bureau of Employment Security (Bureau) for unemployment compensation benefits which were denied. On appeal to the referee only the employer appeared and testified, and the referee affirmed the Bureau's decision. Upon appeal to the Board, the case was remanded to provide an additional opportunity for the appellant to testify and to submit evidence to support her claim that on the day of her resignation she was operating under such diminished mental capacity as to be incapable of voluntarily terminating her employment. After this second hearing, at which the appellant testified, the referee again denied benefits under Section 402(b)(1) and the Board affirmed this decision. The appellant then filed a petition for reconsideration, which was granted, and the Board vacated its order and scheduled oral argument, at which the appellant requested another remand to the referee so that she could submit a statement from her physician pertain-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1). This section provides in part:

An employe shall be ineligible for compensation for any week—

. . . .

(b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

ing to her mental capacity at the time her services terminated. This request was denied and the Board issued its final order that the appellant was ineligible under Section 402(b)(1) of the Act. This appeal followed.

The appellant maintains that at the time of her resignation she was acting under such diminished mental capacity as to be incapable of voluntarily terminating her employment. In the alternative, she argues that her mental disability constituted a cause of a necessitous and compelling nature such as to justify her voluntary termination. The record indicates that, at the second hearing before the referee, the appellant and another witness testified that she had been treated by a psychiatrist for approximately three years prior to the day she left her job, and had been hospitalized for a mental disorder thereafter. There was no statement from the psychiatrist who had treated her, however, nor any record of her hospitalization. She maintains that she now has a medical certificate attesting to her mental state at the relevant time and wishes to have it considered. She further contends that despite extensive argument both in the brief and orally on the subject of her mental condition at the time in question, the referee failed to make a finding of fact regarding this matter, and our review of the record also indicates that no findings of fact were made by either the referee or the Board specifically concerning her mental state. We cannot, of course, infer from the absence of a finding on a given point that the question was resolved in favor of the party who prevailed below. *Page's Department Store v. Velardi,* 464 Pa. 276, 346 A.2d 556 (1975). But the failure to make a finding based upon the appellant's testimony concerning her mental state precludes our affirming the determination of the referee as affirmed by the Board. Findings of fact "must include all

findings necessary to resolve the issues raised by the evidence and which are relevant to a decision." *Wenrich v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 186, 382 A.2d 1303 (1978). We must, therefore, remand with instructions to allow the submission of the physician's report.

## ORDER

AND Now, this 25th day of October, 1978, the order of the Unemployment Compensation Board of Review is vacated and the case is remanded to the Board for the purpose of taking additional evidence and making new and adequate findings of fact consistent with this opinion.

