Condominium Corporation of Pennsylvania, Incorporated, Green Tree Village, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent; Isador Koblentz, Intervenor.

Argued September 25, 1978, before Judges CRUMLISH, JR., WILKINSON, JR. and MACPHAIL, sitting as a panel of three.

*William E. Schadler,* with him *Christianson & Meyer,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for appellee.

Opinion by Judge Crumlish, Jr., March 20, 1979:

Isodor Koblentz's (Claimant) claim for unemployment compensation benefits was denied by the Bureau of Employment Security. He appealed the denial of benefits and a referee affirmed the decision, finding that Claimant was discharged from his job due to willful misconduct and thus was ineligible for benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Act).[1] The Unemployment Compensation Board of Review (Board) affirmed. Thereafter, the record was remanded by stipulation of both parties to the Board for the taking of additional testimony and it then reconsidered its earlier decision and concluded that Claimant's conduct did not amount to willful misconduct and granted benefits.

Claimant had been employed as a maintenance man by Appellant for approximately three and one-half years when he was discharged on August 15, 1975, for an unexcused one-week absence from work. Prior to a fellow maintenance worker being laid off on August 8, 1975, Claimant had always had a co-worker to assist him in his work. After working singly for one week, Claimant found the strenuous nature of some of his

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

work involved was such that one man could not perform it alone. He, therefore, proposed a work sharing plan to an agent of his Employer whereby he and his former co-worker would alternate working weeks. The plan included an agreement between the two workers which provided that when an extra man was needed to assist the man working, his ''off duty'' partner would be available at no cost to the employer.

A conflict in the testimony arises with respect to events occurring after Claimant submitted his plan. Confident that his plan would be accepted by Employer management, Claimant testified that he was under the impression he would be notified by Employer if his plan was *not* accepted. Failing to receive a call on the status of his plan, Claimant assumed his plan had been accepted by Employer and that his co-worker had been notified to work the following week. As a result, Claimant failed to report for work the week of August 18. When he went to pick up his check the following week, he was notified he was fired for an unexcused one-week absence. Employer's agent, on the other hand, testified that Claimant had told her that the job was too much for one person to handle and that he could make Employer realize this by absenting himself for a week.

In an unemployment compensation case, review by this Court is to determine questions of law and to determine whether findings of fact are supported by substantial evidence, leaving to the Board questions of credibility, evidentiary weight and the inferences to be drawn from the evidence. *Gallagher v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 160, 378 A.2d 502 (1977). Furthermore, the party for whom the Board finds favorably is to be given the benefit of any inference which can be reasonably and logically drawn from the evidence. *Winnail v. Unemployment Compensation*

*Board of Review,* 31 Pa. Commonwealth Ct. 114, 375
A.2d 849 (1977).

Claimant argues, and Board so found, that he may
not be charged for willful misconduct because he was
*unable* to comply with the employment requirements.
Specifically, Board found that to require Claimant
to perform his duties alone would have been unreason-
able and onerous. In determining whether the Board's
finding that Claimant's conduct did not amount to
willful misconduct was proper, we must be mindful
that willful misconduct represents a disregard of stan-
dards of behavior which Employer has a right to ex-
pect of an employee. In order to properly evaluate
the conduct of an employee discharged for alleged
willful misconduct, it becomes necessary for us to look
beyond the refusal of an employee to comply with
Employer's directives and evaluate the reasonable-
ness of those directives in light of all the circum-
stances. If an action of an employee is found to be
justifiable or reasonable under the circumstances, it
cannot be considered willful misconduct. *Frumento
v. Unemployment Compensation Board of Review,* 466
Pa. 81, 351 A.2d 631 (1976); *Unemployment Compen-
sation Board of Review v. Iacano,* 30 Pa. Common-
wealth Ct. 51, 372 A.2d 1267 (1976).

The threshold issue confronting us is whether Em-
ployer's directive requiring Claimant to report for
work and perform certain tasks without furnishing
him any assistance was reasonable; if not, then Claim-
ant acted reasonably by refusing to comply. The rec-
ord reveals that Claimant had always had assistance
in the past when the work required was too strenuous
for one man to perform.[2] While we have held that

---

[2] The record indicates Claimant's duties in the apartment com-
plex included moving heavy objects such as refrigerators, which
duties had been performed with assistance.

when an employer hires someone for a particular task, he does not then agree never to change or modify that task, any changes that are made must be *reasonable* under the circumstances. *Tucker v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 262, 319 A.2d 195 (1974).

We are satisfied that the Board's finding that the change made by Employer requiring Claimant to now perform his work assignments without assistance would have put an unreasonable and onerous burden upon him is supported by substantial evidence in the record. Applying the rationale of the Supreme Court in *Frumento, supra,* to the totality of the facts and circumstances involved herein and using guidelines set forth in prior cases which have held an employer's directive to be unreasonable,[3] we hold the Board correctly concluded that Claimant is entitled to unemployment compensation benefits for the weeks in question.

Accordingly, we

## Order

AND Now, this 20th day of March, 1979, it is ordered that the appeal of Condominium Corporation of Pennsylvania, Incorporated, Green Tree Village, be dismissed and that the decision of the Unemployment Compensation Board of Review be affirmed.

---

[3] *See Kindrew v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 9, 388 A.2d 801 (1978) (rule requiring the presence of employee at work on pain of dismissal and allowing no exceptions held unreasonable with respect to employee too ill to work), and *McLean v. Unemployment Compensation Board of Review,* 476 Pa. 617, 383 A.2d 533 (1978) (employer's request that employee drive a truck repaired by a repair service which had previously failed twice to make proper repairs essential to safe operation held to be an unreasonable request).