Allen L. Geiser, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 7, 1980, before Judges BLATT, CRAIG and WILLIAMS, JR., sitting as a panel of three.

*Francis Scolessa,* with him, *Allen L. Geiser,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE BLATT, June 9, 1980:

Allen L. Geiser (claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's determination that the claimant was ineligible for unemployment compensation benefits because he was dismissed from his employment for willful misconduct.

The claimant was employed by the Oxford Atlantic Book Company (employer) in Philadelphia as a salesman and bookbinder from November of 1976 until July 21, 1978, when he was discharged for allegedly refusing to comply with the employer's request that he count books that were brought into the shop for binding. The claimant contends that he was never requested to count the books and, in the alternative, that, even if he was requested to do so, his refusal of the request was reasonable.

Our review of the testimony reveals a serious conflict between the testimony of the employer's representative and that of the claimant as to whether or not the representative had ever requested that the claimant count the books received in the employer's shop. The employer's representative testified that there was a rule requiring the counting of books, that the claimant was requested to follow the rule, that he failed to do so, and that he had been admonished for such refusal on two occasions. On the other hand, the claimant testified that he was never requested to perform the task at issue and that he was unaware of any rule requiring him to do so.

It is well established, of course, that the credibility of witnesses and the weight to be afforded to their testimony is for the Board's determination, and findings supported by substantial evidence are binding upon the reviewing court even though competent evidence to the contrary was also produced. *Stewart v. Unemployment Compensation Board of Review,* 43 Pa. Commonwealth Ct. 279, 402 A.2d 302 (1979). In the present context, therefore, the testimony of the employer's representative constituted substantial evidence to support the Board's finding.

To be successful in his alternative argument that his refusal to count books was reasonable, the claimant had the burden of showing that the work request presented an unreasonable and onerous burden. *Condominium Corp. v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 324, 398 A.2d 1122 (1979). Yet his only testimony along this line was that he was not required to count books prior to June of 1978, and that he consequently believed that such work was not part of his job. Inasmuch as he did not show that he was incapable of performing the work or that the task was unreasonable in any

way, we must conclude that the Board correctly found the employer's request to be a reasonable one and correctly determined that the claimant was ineligible for benefits.

ORDER

AND NOW, this 9th day of June, 1980, the above-captioned order of the Unemployment Compensation Board of Review is affirmed.