Geraldine Sileo, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 6, 1980, before Judges WILKINSON, JR., MENCER and WILLIAMS, JR., sitting as a panel of three.

*George F. Schoener, Jr.,* of counsel, *Arnold M. Kessler Associates,* for petitioner.

*Steven Marcuse,* Assistant Attorney General, with him, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., September 4, 1980:

Petitioner Geraldine Sileo (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board) denying her unemployment benefits. The Board affirmed the referee's determination that the Claimant had voluntarily quit her employment without "cause of a necessitous and compelling nature" and was, therefore, ineligible for benefits by force of Section 402(b)(1) of the Unemployment Compensation Law.[1]

Until December 8, 1978 the Claimant was employed by the Continental Bank as a loan interviewer. On

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b)(1).

that date she voluntarily terminated her employment. The circumstances of her quitting are as follows: On the morning of November 17, 1978 the Claimant did not report to work as scheduled but conveyed a message to the bank, by means of her daughter, that she had to undergo emergency dental treatment that morning and would come to work later in the day. Three times that afternoon the Claimant's supervisor tried to reach her by telephone, but without success. The Claimant never came to work that day; and according to her supervisor, she never communicated with the bank that day. November 17, 1978 was a Friday, one of the busiest days for the bank.

The following Monday, Claimant Sileo commenced a week's vacation and did not return to work until November 27th. Upon her return she was given a written disciplinary notice citing her for being absent from work without permission on the 17th and for not following the bank's rules for taking a day off. The disciplinary notice, prepared by her supervisor, advised her that further violations of those rules would result in her discharge. In addition to the disciplinary notice, the employer deducted one day's pay from her salary, reflecting the day she missed work.

The Claimant's reaction to the disciplinary notice was to submit her resignation that same day, November 27, 1978, to take effect on December 8, 1978. Whatever issue the Claimant took with the disciplinary notice, the record in this case does not reveal an effort by her to resolve it with her employer. Nor did she request a transfer to another branch of the bank, even though she had been an employee for 11 years.

In the case of a "voluntary quit", the claimant has the burden of showing that the resignation was due to a cause of a necessitous and compelling nature. *Deiss v. Unemployment Compensation Board of Review,* 475 Pa. 547, 381 A.2d 132 (1977). In that re-

gard, the claimant must show that he acted with ordinary common sense in quitting. *E.g.*, *Rizzitano v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 59, 377 A.2d 1060 (1977). So too, the claimant must establish that he made a reasonable effort to preserve his employment and that he had no real choice but to leave. *Kovarik v. Unemployment Compensation Board of Review*, 36 Pa. Commonwealth Ct. 165, 387 A.2d 521 (1978).

Even after being cited for missing the day of work, the Claimant still had employment available to her at the bank. Upon the record of this case, it cannot be said that after receiving the citation she made a reasonable effort to preserve her employment, or that she made any effort at all.

Also, in the absence of *unjust* accusations or abusive conduct, resentment of a reprimand does not constitute necessitous or compelling reason for resigning from employment. *Unemployment Compensation Board of Review v. Ruffel*, 18 Pa. Commonwealth Ct. 512, 336 A.2d 670 (1975). Even if the citation received by Sileo for missing a day's work were erroneously based, it cannot be regarded as an *unjust* accusation: because, after missing the day in question, the Claimant proceeded to take a week's vacation without personally communicating with her supervisor as to why she did not report to work on November 17th.

As a further matter, Claimant Sileo alleged an incident in which her supervisor shouted at her in the presence of bank customers and other employees. However, as alleged that incident occurred in August 1978, almost 3 months prior to her quitting. Even if true, such an episode could not provide cause for her "voluntary quit" in November 1978.

For the reasons set forth, we affirm the order of the Board.

ORDER

AND Now, the 4th day of September, 1980, the order of the Unemployment Compensation Board of Review in Decision No. B-172988, dated June 7, 1979, is affirmed.