Robert E. Whisner, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 3, 1982, before President Judge CRUMLISH and Judges BLATT and MACPHAIL, sitting as a panel of three.

*Gregory J. Karlick,* with him *Donald M. Graffius,* for petitioner.

*Steven J. Neary,* Associate Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., June 10, 1982:

Robert E. Whisner (employee) appeals from an Unemployment Compensation Board of Review (Board) denial of benefits. We remand for further fact findings.

On August 12, 1980, the day following his absence from work due to illness, Whisner's attendance record[1] as a Penn Pocahontas Coal Company employee became the subject of a verbal dispute with his supervisor, after which the employee voluntarily quit and left the employer's property. When subsequent contacts with his supervisor failed to resolve their mutual difficulties, Whisner filed for unemployment benefits.

Section 402(b) of the Pennsylvania Unemployment Compensation Law[2] provides in part that:

> An employe shall be ineligible for compensation for any week—
>
> . . .
>
> (b)   In which his unemployment is due to voluntarily leaving work *without cause of a necessitous and compelling nature.* . . . (Emphasis added.)

Whisner, having effected voluntarily his unemployed status, must demonstrate, as a prerequisite for benefits eligibility, a necessitous and compelling cause for the termination. *Goughnour v. Unemployment Compensation Board of Review,* 54 Pa. Commonwealth Ct. 83, 86, 420 A.2d 30, 32 (1980). Since the employee failed to meet his burden, our review is limited to determining whether or not the Board's fact findings

---

[1] Whisner was employed by the coal company for four months, during which he was absent five times and was late once.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

are consistent with each other and with the legal conclusions, and whether or not the findings can be sustained without capricious disregard of competent evidence.[3] *Fanelly v. Unemployment Compensation Board of Review,* 55 Pa. Commonwealth Ct. 110, 113, 422 A.2d 1214, 1216 (1980).

We are mindful, of course, that we are bound by fact findings adopted by the Board, *Unemployment Compensation Board of Review v. Thomas,* 24 Pa. Commonwealth Ct. 136, 138-39, 354 A.2d 46, 47 (1976), and that the prevailing party below is to be given the benefit of any inference which can be drawn reasonably and logically from the evidence. *Condominium Corp. of Pennsylvania, Inc. v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 324, 326, 398 A.2d 1122, 1124 (1979). The pertinent fact findings are as follows:

> 2. The claimant voluntarily quit his job *because he had a disagreement with his immediate supervisor and because he felt his safety had been violated.*

> 6. The claimant had filed grievances earlier *in regards to safety violations,* however, the union had determined that the grievances should be handled no further. (Emphasis added.)

The referee's conclusion (and the Board's adoption thereof) presumably was based solely on the August 12, 1980 confrontation as well as on certain work safety violations. Whisner counters that these were not his principal reasons for quitting. He claims, rather, that his voluntary termination was the upshot of four months of harassment, abuse and provocation

---

[3] The initial fact findings and legal conclusions were made by the referee. Since the Board adopted these determinations *in toto,* we will refer to them as the *Board's* findings.

perpetrated against him by his supervisors.[4] Continuous subjection to unjust accusations, abusive conduct and profane language may constitute "necessitous and compelling" cause[5] for the voluntary termination of employment. *See Arufo v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 555, 558, 391 A.2d 43, 45 (1978). The referee, however, failed to make any findings resolving the issue of the supervisor's alleged continuous course of contumelious conduct. This failure to address Whisner's uncontradicted testimony[6] precludes our proper re-

[4] Whisner contends that, during his four-month tenure, he was not given the opportunity to work overtime; that he was not compensated for the minimal overtime which he did work; that his job security was constantly threatened; that he was implicated unjustly in a theft; that his personal safety was jeopardized on several occasions by unsafe working conditions; and that he was subject often to his supervisor's profane verbal attacks.

[5] Our Supreme Court, in *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 358-59, 378 A.2d 829, 832-33 (1977), elaborated on necessitous and compelling cause:

The meaning of the statutory requirement of necessitous and compelling cause has been developed by case law over the years. Although the precise language used to describe the condition of necessitous and compelling circumstances has varied from case to case, it can be said that "good cause" for voluntarily leaving one's employment (i.e., that cause which is necessitous and compelling) results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner.

[6] We are fully cognizant that the referee may refuse to accept as true even the *uncontradicted* testimony of any witness on any issue. *See Edelman v. Unemployment Compensation Board of Review,* 10 Pa. Commonwealth Ct. 275, 277, 310 A.2d 707, 708 (1973). In this case, however, neither the employer nor the employer's representative appeared at the hearing, nor was there *any* testimony presented on the employer's behalf. Under these circumstances, we conclude that the referee's failure to even address certain issues raised by the claimant *and not refuted by the employer* was fatal error and can be remedied by remand for further fact findings.

view of this case. *See Kostek v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 271, 273, 392 A.2d 909, 910 (1978).

Findings of fact "must include *all findings necessary to resolve the issues raised by the evidence* and which are relevant to a decision." *Page's Department Store v. Velardi,* 464 Pa. 276, 287, 346 A.2d 556, 561 (1975). (Emphasis added.) Whisner's allegations concerning his supervisor's protracted abusive behavior are clearly pertinent to his claim of necessitous and compelling cause. We cannot infer from the absence of a finding that the issue was resolved against the employee. *Kostek* at 273, 392 A.2d at 910. When the necessary fact findings have not been rendered, remand is required. *See Spicer v. Unemployment Compensation Board of Review,* 47 Pa. Commonwealth Ct. 272, 407 A.2d 929 (1979).

Remanded.[7]

#### ORDER

The Unemployment Compensation Board of Review order, B-191724, dated January 1, 1981, is vacated, and the case is remanded to the Board for the making of new and adequate fact findings.

---

#### AMENDED ORDER

Now, June 15, 1982, the Order of this Court dated June 10, 1982, in the above captioned case is hereby amended to read as follows:

---

[7] The referee found, and the record indicates, that the employee had filed several grievances in the past regarding alleged safety violations by the employer (which were not pursued by the union) and had not filed a grievance regarding the August 12, 1980 confrontation with his supervisor. The fact that the union did not pursue the grievance does not relieve the unemployment compensation authorities from resolving the employee's other claims relating to his supervisor's alleged outrageous behavior.

The Unemployment Compensation Board of Review order, B-191724, dated January 27, 1981, is vacated, and the case is remanded to the Board for the making of new and adequate fact findings.

Judge MENCER did not participate in the decision in this case.