Barbara Janicki, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent. Harold Friedman, Inc., Intervenor.

Submitted on briefs November 14, 1983, to Judges WILLIAMS, JR., CRAIG and BLATT, sitting as a panel of three.

412

*John W. Murtagh, Jr., Greenfield & Murtagh,* for petitioner.

No appearance for respondent.

*John S. Brendel, Buchanan, Ingersoll, Rodewald, Kyle & Buerger,* for intervenor.

OPINION BY JUDGE BLATT, January 9, 1984:

Barbara Janicki (claimant) appeals here an order of the Unemployment Coompensation Board of Review (Board) finding her ineligible for benefits under Section 402(e) of the Unemployment Compensation Law (Law)[1] (willful misconduct).

The Board's findings of fact included the following: that the claimant was discharged from her employment as head cashier at Harold Friedman, Inc. (employer) on October 20, 1981; that she had requested permission on both October 13, 1981 and October 17, 1981 to take October 19, 1981 off from work; that both requests were denied by the employer's store manager who alone had the authority to approve days

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

off during the week; that on October 17, after the store manager had left for the day, the claimant sought permission to take off October 19 from the assistant store manager who told her "to do what she wanted to do, but it was not going to be him in trouble"; and that, despite the store manager's refusal to allow her to take off October 19, she failed to report to work on that day. The Board concluded that the claimant's behavior amounted to willful misconduct and reversed the referee's decision which had awarded benefits. The present appeal ensued.

In an unemployment compensation case where the claimant is denied benefits because of allegedly willful misconduct, the employer bears the burden of proving that the claimant's behavior amounted to willful misconduct. *Gane v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 292, 398 A.2d 1110 (1979). And, where the party with the burden of proof prevails below, as the employer did here, our scope of review is limited to determining whether or not the factual findings are supported by substantial evidence and whether or not an error of law has been committed. *Wright v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 506, 445 A.2d 556 (1982). In deciding whether or not substantial evidence exists to support the Board's findings, of course, we must examine the testimony in the light most favorable to the prevailing party, giving that party the benefit of any inference which can be drawn logically and reasonably from the evidence. *Whisner v. Unemployment Compensation Board of Review,* 67 Pa. Commonwealth Ct. 137, 446 A.2d 336 (1982). And, if we find that the record contains substantial supporting evidence, the Board's factual findings must be conclusive. *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977).

The claimant argues first that her behavior did not amount to willful misconduct. Although she admits that the store manager had previously denied her request for time off on October 19, she contends that she made a new and different request of the assistant store manager when she approached him with the idea to switch schedules with another employee in order to have the day off. She submits further that she did have permission to take the day off from the assistant store manager.

Although not statutorily defined, this Court has defined willful misconduct as the wanton and willful disregard of the employer's interest, the deliberate violation of rules, the disregard of standards of behavior which an employer can rightfully expect from his employee or negligence which manifests culpability, wrongful intent, evil design or intentional and substantial disregard for the employer's interests or the employee's duties and obligations. *Kentucky Fried Chicken of Altoona, Inc. v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 90, 309 A.2d 165 (1973). We have also held that the Board's conclusion that a claimant's behavior amounted to willful misconduct is a legal determination and, therefore, subject to our review. *Dickey v. Unemployment Compensation Board of Review*, 78 Pa. Commonwealth Ct. 58, 466 A.2d 1106 (1983).

The store manager here twice denied the claimant's request to take October 19 off from work, and it was essentially the same request which she then made to the store manager's assistant. Regardless of the assistant manager's response, therefore, we believe that her failure to come to work on October 19 after the manager had refused to give her the day off, did constitute willful misconduct. It was clearly in disregard of the standards of behavior which an employer can rightfully expect from his employee, and, when an

employer establishes a chain of authority, he has every right to expect that his employees will understand that a decision made by him precludes any subsequent decision on the same matter made by a subordinate.

The claimant also argues that the Board capriciously disregarded competent evidence showing that the assistant manager had the authority to grant schedule changes.[2] The employer's personnel director, however, testified that, while an assistant manager had authority to change the work schedule of a nonsupervisory employee, he could not, absent an emergency, alter the schedule of the claimant, who was a supervisory employee. Moreover, the assistant manager's testimony during the hearing indicated that he never gave the claimant permission to take October 19 off from work.[3]

The claimant contends, too, that the Board failed to make adequate findings of fact, and that such are required in order for us to exercise our appellate review. We believe, however, that the findings here are adequate. *Spicer v. Unemployment Compensation Board of Review*, 47 Pa. Commonwealth Ct. 272, 407 A.2d 929 (1979).

Accordingly, we affirm the decision of the Board.

---

[2] Although the claimant's counsel has misstated our scope of review, we have reviewed the Board's factual findings to determine whether or not they are supported by substantial evidence.

[3] The testimony of the assistant manager included the following exchange:

A: . . . I said I didn't think she should and then I told her to go ahead and do what she wanted to do that I wasn't going to be the one to be in trouble.

Q: What do you mean by that?

A: Well I wasn't going to be the one over the coals if Mr. Donaldson [the manager] got mad. *Because that was not my decision to make because she had already been told no.*

416

ORDER

AND Now, this 9th day of January, 1984, we hereby affirm the decision of the Unemployment Compensation Board of Review in the above-captioned matter.