Drs. Meltzer & Weisberg, Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs December 5, 1983, to Judges ROGERS, MACPHAIL and BARRY, sitting as a panel of three.

*Simon J. Denenberg, Abramson & Denenberg, P.C.,* for petitioners.

*Charles G. Hasson,* Acting Deputy Chief Counsel, with him *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, February 7, 1984:

Drs. Ronald F. Meltzer and Robert A. Weisberg (Petitioners) have appealed from an order of the Unemployment Compensation Board of Review (Board) which granted benefits to Lillian Zduniak (Claimant). The Board concluded that Claimant had demonstrated cause of a necessitous and compelling nature justifying her voluntary termination of employment.[1]

Claimant was employed by Petitioners as a medical assistant from January, 1978 through June 6, 1981, the effective date of her resignation. In her letter of resignation to Petitioners, Claimant cited a reduction in work hours as the sole reason for her termination. Claimant subsequently filed an application for unemployment compensation benefits and noted on her Summary of Interview form that she also quit because she had been harassed and belittled by one of Petitioners in front of a co-worker and patient. The Office of Employment Security (Office) denied benefits, finding that Claimant was merely dissatisfied with her working conditions. On appeal, a referee reversed the Office on the basis of his finding that Claimant was subjected to undue criticism and harassment. Petitioners appealed to the Board, which affirmed. Neither the referee nor the Board mentioned the Claimant's reduction in work hours as a reason for her resignation or as justifiable cause for the resignation.

On appeal to this Court, Petitioners argue that 1) Claimant was not subjected to undue criticism and harassment or 2) if the decision is to rest on the harassment allegation, then Petitioners are entitled to a remand hearing since they had no notice prior to the

---

[1] See Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).

referee's hearing that Claimant would contend she had been harassed during her employment. Since we conclude that Claimant's allegations of harassment, even if true, do not constitute cause of a necessitous or compelling nature justifying her resignation, we need not address the second issue presented above.

The Board made only three fact findings in this case. The third and crucial finding was as follows:

> 3. The claimant was belittled in front of patients and co-workers, and when she attempted to discuss the situation, she was told that she would not be discharged, and she would have to leave voluntarily if not satisfied with her working conditions.

The record is clear, however, that the alleged harassment "in front of patients and co-workers" was, in fact, an isolated incident which occurred in March, 1981, three months prior to Claimant's resignation in June, and involved only one patient and one co-worker.[2] The only other episode testified to by Claimant involved a private meeting initiated by Petitioners at which they reprimanded Claimant regarding her poor work performance.

This case is factually similar to that of *Sileo v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 632, 419 A.2d 223 (1980). In *Sileo*, the claimant voluntarily resigned from a banking position after receiving a disciplinary notice following an unexcused absence. The claimant also alleged that her supervisor had shouted at her in the presence of customers and other employees approximately three

---

[2] Claimant testified that she was unable to extract blood from a patient's arm because after 3 attempts, she was unable to locate a vein. Claimant said the physician, in the presence of the patient and a trainee, said, "She really butchered your arm and it really hurt, didn't it?".

months before she resigned. We noted in *Sileo* that the latter incident could not provide a basis for the voluntary quit due to the lengthy delay between the alleged harassment and claimant's resignation. Regarding the disciplinary notice, we observed that in the absence of unjust accusations or abusive conduct, resentment of a reprimand does not establish a necessitous or compelling reason for a voluntary resignation. *See also Unemployment Compensation Board of Review v. Ruffel*, 18 Pa. Commonwealth Ct. 512, 336 A.2d 670 (1975).

Moreover, as a general rule, a voluntary termination must be precipitated by job pressures which are real and substantial and which would compel a reasonable person to act in the same manner under like circumstances. *Iaconelli v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 117, 423 A.2d 754 (1980).

Applying these principles to the instant case, we conclude that the Board's fact findings do not support the legal conclusion that Claimant had cause of a necessitous and compelling nature for terminating her employment.[3]

Claimant also has alleged, however, that the reduction of her work hours from thirty-seven hours per week to twenty-five hours and the commensurate reduction of her pay from $230 to $141 per week, justified her resignation. Since the referee and Board failed to make any fact findings regarding these allegations, we are unable to conduct proper appellate review. Fact findings must include all findings needed to resolve the issues raised by the evidence and which are relevant to a decision. *Whisner v. Unem-*

---

[3] The issue of whether cause of a necessitous and compelling nature exists is one of law. It, accordingly, is subject to review by this Court. *Kistler v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct. 465, 416 A.2d 594 (1980).

*ployment Compensation Board of Review*, 67 Pa. Commonwealth Ct. 137, 446 A.2d 336 (1982). Since necessary findings have not been rendered, a remand is required. *Id.*

We, accordingly, will reverse the order of the Board and remand the matter for further proceedings.

ORDER

The order of the Unemployment Compensation Board of Review, Decision No. B-200328, dated October 19, 1981, is hereby reversed and the matter is remanded for further proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.