IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Phyllis A. Keeler,                           :
                        Petitioner           :
                                             :
            v.                               :
                                             :
Unemployment Compensation                    :
Board of Review,                             :    No. 318 C.D. 2018
                        Respondent           :    Submitted:  July 13, 2018


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON               FILED:  August 30, 2018


            Phyllis A. Keeler (Claimant), *pro se*, petitions for review of the
February 15, 2018 order of the Unemployment Compensation Board of Review
(Board) affirming the decision of the referee, which dismissed Claimant's appeal as
untimely.  Upon review, we affirm.

            Claimant separated from employment on or about July 29, 2016 and
accepted a severance package.  Claimant's Brief at 7.  Claimant applied for
unemployment compensation (UC) benefits on December 15, 2016.  Certified
Record (C.R.) Item No. 1, Claim Record at 2.  On January 4, 2017, the Pennsylvania
Department of Labor and Industry (Department) determined that Claimant's receipt
of severance pay rendered her ineligible for UC benefits from July 30, 2016 through

March 18, 2017.[1]  C.R. Item No. 1, Claim Record at 1.  On January 5, 2017, the Department notified Claimant by mail that she must register for employment search services by January 14, 2017 in order to secure future eligibility for UC benefits. C.R. Item No. 2, Request for Claimant Separation Information at 1.  This mailing contained the following notice in oversized font: **"DON'T LOSE YOUR UC BENEFITS!  REGISTER NOW."** *Id.* (emphasis in original).  Towards the bottom of the page, the mailing additionally instructed Claimant as follows: "**The department also encourages you to register even if you are not filing claims for benefits at this time.  If you reopen your UC claim in the future, you will be ineligible for benefits unless you have an exemption at that time**." *Id.* (emphasis in original).

On January 23, 2017, the Department mailed Claimant a Notice of Determination, which concluded that she was ineligible for UC benefits due to her failure to register for employment search services in accordance with Section 401(b)(1)(i) of the Pennsylvania Unemployment Compensation Law.[2]  C.R. Item No. 3, 1/23/17 Notice of Determination at 1.  This mailing notified Claimant of the February 7, 2017 deadline to appeal its determination.  C.R. Item No. 3, 1/23/17 Notice of Determination at 1.  However, Claimant did not appeal until October 25,

---

[1] It appears the Department deemed Claimant ineligible pursuant to Section 404(d)(1) of the Unemployment Compensation Law (Law).  Section 404(d)(1) of the Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 804(d)(1).  Section 404(d)(1) provides that "each eligible employe who is unemployed with respect to any week ending subsequent to July 1, 1980 shall be paid, with respect to such week, compensation in an amount equal to his weekly benefit rate less the total of . . . the amount of severance pay that is attributed to the week." *Id.*

[2] Pursuant to Section 401(b)(1)(i), "[c]ompensation shall be payable to any employe who is or becomes unemployed, and who . . . [registers] for employment search services . . . within thirty (30) days after initial application for benefits.  43 P.S. § 801(b)(1).

2

2017. C.R. Item No. 4, Claimant's Petition for Appeal from Determination at 1. Following a hearing at which Claimant testified, the Referee dismissed Claimant's appeal as untimely pursuant to Section 501(e) of the Law.[3]  C.R. Item No. 9, Referee's Decision/Order at 2-3.  Claimant appealed, and the Board affirmed, adopting the Referee's findings and conclusions.  C.R. Item No. 10, Claimant's Petition for Appeal from Referee's Decision/Order; C.R. Item No. 11, Board's Decision & Order.  Claimant then petitioned this Court for review.[4]

Before this Court, Claimant argues that the Board erred in affirming the Referee's dismissal of her appeal as untimely.  As noted above, a claimant has 15 calendar days to file an appeal; otherwise, "such determination . . . shall be final." 43 P.S. § 821(e).  The provisions of the Law regarding the time to file an appeal are mandatory. *U.S. Postal Serv. v. Unemployment Comp. Bd. of Review*, 620 A.2d 572, 573 (Pa. Cmwlth. 1993).  The referee and the Board lack jurisdiction to consider an untimely appeal.  *See Edwards v. Unemployment Comp. Bd. of Review*, 639 A.2d 1279, 1282 (Pa. Cmwlth. 1994).  Therefore, the "failure to file an appeal within fifteen days, without an adequate excuse for the late filing, mandates dismissal of the appeal."  *U.S. Postal Serv.,* 620 A.2d at 573.

However, "[a]n appeal *nunc pro tunc* may be permitted when a delay

---

[3] Section 501(e) provides that "[u]nless the claimant . . . files an appeal . . . within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department . . . shall be final and compensation shall be paid or denied in accordance therewith."  43 P.S. § 821(e).

[4] "The Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, whether a practice or procedure of the Board was not followed or whether the findings of fact are support by substantial evidence in the record."  *W. & S. Life Ins. Co. v. Unemployment Comp. Bd. of Review*, 913 A.2d 331, 334 n.2 (Pa. Cmwlth. 1991); *see also* Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

3

in filing the appeal is caused by extraordinary circumstances involving fraud, administrative breakdown, or non-negligent conduct, either by a third party or by the [claimant]." *Suber v. Unemployment Comp. Bd. of Review*, 126 A.3d 410, 412 (Pa. Cmwlth. 2015) (quoting *Mountain Home Beagle Media v. Unemployment Comp. Bd. of Review,* 955 A.2d 484, 487 (Pa. Cmwlth. 2008)). A breakdown in the administrative process occurs "where an administrative board or body is negligent, acts improperly or unintentionally misleads a party." *Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008) (quoting *Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Review of Allegheny Cty.*, 746 A.2d 581, 584 (Pa. 2000)). "[T]he claimant bears a heavy burden to justify an untimely appeal." *Roman–Hutchinson v. Unemployment Comp. Bd. of Review*, 972 A.2d 1286, 1288 n.1 (Pa. Cmwlth. 2009).

In essence, Claimant argues that her untimely appeal should be allowed because the Department unintentionally misled her regarding the need to appeal. Claimant asserts that when she "called about the decision [denying benefits] to the unemployment office," she "was never told [that she] needed to appeal the decision."[5] Claimant's Brief at 7. Claimant maintains that she "didn't file [an appeal] because [she] was under the understanding that [she] would become eligible . . . March 18, 2017." Claimant's Brief at 6. Likewise, Claimant testified that "they said . . . I wouldn't be eligible until March. Then, [sic] I could reapply. . . . I didn't have to file an [a]ppeal, just apply and make sure I registered for work by March

---

[5] "I was **not** told by anyone to file or **not** to file the appeal." Claimant's Brief at 6 (emphasis in original). Claimant does relate that later on, in October of 2017, she was advised "by the unemployment office that [she] could file a late appeal." Claimant's Brief at 11. However, this advice was given well after the February 7, 2017 deadline to appeal had passed and, therefore, could not have contributed to the untimeliness of Claimant's appeal.

4

18th." C.R. Item No. 8, Transcript of Testimony (T.T.) at 3. "So I thought any time after March 18th . . . I could . . . try to claim unemployment again." T.T. at 4.

The Board, however, did "not credit the [C]laimant's testimony that she was told that she could ignore the registration until March 18, 2017, and that she did not need to appeal."[6] C.R. Item No. 11, Board's Decision & Order. The Board adopted the Referee's finding that "[t]he Claimant was not misinformed nor in any way misled regarding the right of appeal or the need to appeal." C.R. Item No. 9, Referee's Decision/Order, Findings of Fact (F.F.) No. 6; *see also* C.R. Item No. 11, Board's Decision & Order. Further, the Board adopted the Referee's finding that "[t]he Notice of Determination informed the Claimant that . . . [t]he last day on which a valid appeal could be filed from that determination was February 7, 2017." Referee's F.F. No. 4.

By her own admission, Claimant "didn't understand the process." T.T. at 6. Claimant explains that "[t]he reason [the appeal] was filed so late was due to the lack of knowledge and understanding on both of our parts. . . . [T]hese people that were employed there I think failed me. The process was not simple at all."[7]

---

[6] The Board is the ultimate fact finding body and arbiter of credibility in unemployment compensation cases. *Waverly Heights, Ltd. v. Unemployment Comp. Bd. of Review*, 173 A.3d 1224, 1227 (Pa. Cmwlth. 2017). "Questions of credibility and the resolution of evidentiary conflicts are within the discretion of the Board and are not subject to re-evaluation on judicial review." *Id.* "The Board . . . may reject even uncontradicted testimony if it is deemed not credible or worthy of belief." *Id.*

[7] Claimant alleges that in December of 2016, "[t]he unemployment office was laying off approximately 500 employees and it was impossible to get through to them." Claimant's Brief at 8. However, Claimant raises this argument to explain her delay in registering for employment search services, which is not the issue before us. Claimant also argues that personal stress and health issues further frustrated her attempts to register. Claimant's Brief at 12-13. Again, Claimant's delay in registering is not the issue before us. Also, Claimant did not raise this argument in her appeal to the Board; thus, it is waived. *See* Pa. R.A.P. 1551(a) (stating that, with certain exceptions not applicable here, no question shall be considered by the court which was not

Claimant's Brief at 16. However, this Court has held that "[l]ack of familiarity with Board regulations and procedure does not excuse an untimely filing." *Brown v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth., No. 9 C.D. 2017, filed Nov. 30, 2017) slip op. at 4[8] (citing *Hessou*, 942 A.2d at 200); *see also Finney v. Unemployment Comp. Bd. of Review,* 472 A.2d 752, 753 (Pa. Cmwlth. 1984) (holding that failure to understand appeal procedures does not excuse an untimely appeal).

Moreover, Claimant concedes that the Notice of Determination mailed by the Department "contained a date [by which] to file an appeal." Claimant's Brief at 6. Claimant also admitted during the hearing that this mailing instructed her to appeal by February 7, 2017. T.T. at 2.[9] Thus, Claimant's admissions and her inability to credibly establish that the Department misled her support the reasonable inference that Claimant's untimely appeal resulted from her own negligence. *See Appleyard v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth., No. 653 C.D. 2008, filed Jan. 8, 2009), slip op. at 5 (citing *Condo. Corp. of Pa., Green Tree Vill. v. Unemployment Comp. Bd. of Review*, 398 A.2d 1122, 1124 (Pa. Cmwlth. 1979) ("[T]he party for whom the Board finds favorably is to be given the benefit of any inference which can be reasonably and logically drawn from the evidence.")). Claimant is therefore unable to establish that non-negligent conduct entitles her to

---

raised before the government unit); *see also Crabbe v. Unemployment Comp. Bd. of Review*, 179 A.3d 1183, 1189 (Pa. Cmwlth. 2018) (stating that a petitioner's failure to raise an issue before the Board impairs this Court's ability to review the Board's decision with respect to that issue, and consequently, results in waiver of the issue).

[8] While this Court's unreported memorandum opinions may not be cited as binding precedent, they may be cited for persuasive value. 210 Pa. Code § 69.414.

[9] Referring to the deadline to appeal, Claimant testified, "Yeah, I believe I saw that. I probably read that, but I didn't think that it would be any reason to appeal it." T.T. at 2.

*nunc pro tunc* relief. *See Suber*, 126 A.3d at 412; *see also Constantini v. Unemployment Comp. Bd. of Review*, 173 A.3d 838, 845-46 (Pa. Cmwlth. 2017) (finding no justification for a claimant's untimely appeal of the Department's denial of unemployment compensation benefits where it was "clearly attributable to [c]laimant's own negligence" and when "[c]laimant continued to labor under her misapprehension only because she neglected to read the determination and the accompanying appeal information thoroughly").

Because Claimant failed to establish that her untimely appeal resulted from extraordinary circumstances involving fraud, a breakdown in the administrative process or non-negligent conduct (whether her own or that of a third party), she has not satisfied the heavy burden of justifying a *nunc pro tunc* appeal. *See Suber*, 126 A.3d at 412; *Roman–Hutchinson*, 972 A.2d at 1288 n.1. Thus, the Board did not err in affirming the Referee's decision dismissing Claimant's appeal as untimely. *See U.S. Postal Serv.*, 620 A.2d at 573.

Accordingly, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Phyllis A. Keeler,                 :
         Petitioner         :
                      :
     v.                :
                      :
Unemployment Compensation    :
Board of Review,          :    No. 318 C.D. 2018
         Respondent    :

O R D E R

AND NOW, this 30th day of August, 2018, the order of the Unemployment Compensation Board of Review dated February 15, 2018 is AFFIRMED.

_____
CHRISTINE FIZZANO CANNON, Judge