IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lisa Van Scyoc,                              :
                    Petitioner              :
                                            :
        v.                                  :        No. 186 C.D. 2022
                                            :        Submitted: August 26, 2022
Unemployment Compensation                   :
Board of Review,                            :
                    Respondent              :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY SENIOR JUDGE LEAVITT                              FILED: January 12, 2023

        Lisa Van Scyoc (Claimant) petitions for this Court's review of an adjudication of the Unemployment Compensation Board of Review (Board) holding Claimant eligible for a pandemic unemployment benefit in the weekly amount of $251. In her *pro se* appeal, Claimant argues that the Board erred by calculating her 2019 income at $6,384 per quarter instead of $11,553 per quarter, which suppressed the weekly benefit amount to which she was entitled. After review, we affirm the Board.

        Claimant worked as a court reporter for Ament & Ament Court Reporting Services, LLC (Ament) from January 2019 until mid-March of 2020. She worked as an independent contractor. In March of 2020, when the COVID-19 Pandemic caused courts to close, Claimant was unable to work. On March 27, 2020, Congress enacted the Coronavirus Aid, Relief, and Economic Security (CARES)

Act,[1] which provided financial assistance to individuals affected by the COVID-19 Pandemic. The CARES Act provides that individuals entitled to receive unemployment compensation benefits could be paid "regular compensation" in the amount determined under state law, plus an additional amount for "pandemic unemployment compensation." 15 U.S.C. §9023. Individuals not otherwise eligible for "regular compensation," such as those who were self-employed, could receive Pandemic Unemployment Assistance (PUA) under Section 2102 of the CARES Act. 15 U.S.C. §9021.

Claimant applied for PUA benefits effective March 8, 2020. On May 7, 2020, the Department of Labor and Industry, Office of Unemployment Compensation Benefits (Department) issued a determination finding Claimant eligible for PUA benefits at a weekly amount of $523, based upon her reported 2019 gross income of $38,811. Certified Record at 3 (C.R. ____). On December 21, 2020, the Department issued a redetermination finding Claimant eligible for PUA benefits at a weekly amount of $251. C.R. 8. In doing so, the Department divided Claimant's reported 2019 net income of $25,536 by four quarters, and applied the average net quarterly amount, or $6,384, to the benefits chart in Section 404(e)(1) of the Unemployment Compensation Law (Law).[2]

Claimant appealed the Department's redetermination, and the Referee held a hearing. Claimant argued that she was entitled to a higher weekly benefit amount based upon her highest quarterly net income of $9,972 that was earned during the fourth quarter of 2019. In support, Claimant provided Ament's payment slips issued during 2019 and an exhibit of her 2019 expenses. The exhibit showed

---

[1] 15 U.S.C. §§9001-9141.

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §804(e)(1).

that Claimant spent $416 for "Steno Machine Svc Contract" and $705 for "Steno Software Svc Contract" on December 2, 2019. C.R. 82. In addition, she spent $2,474 in "supplies" and "travel"; these expenses, however, were not dated. *Id*.

The Referee upheld the Department's redetermination that Claimant was eligible for PUA benefits at a weekly amount of $251. Noting that Claimant did not present her quarterly tax returns to substantiate her claim that she had the highest net income in the fourth quarter of 2019, the Department averaged her 2019 net income over four quarters. The Board adopted the Referee's findings and affirmed the Referee's decision.

On appeal,[3] Claimant argues that the Board erred. Ament's payment slips showed that she earned $13,292 during October and December of 2019, which was the highest among the four quarters of that year. The expense list shows that a total of $1,121 was spent during the fourth quarter for steno machine and steno software service contracts. Further, dividing the supply and travel expenses totaling $2,474 by four equates to $618 per quarter. Adding $1,121 and $618 equates to $1,739 in expenses incurred in the fourth quarter of 2019. Accordingly, the net income for that quarter was $11,553. In the alternative, dividing the 2019 expenses of $13,280 by four equates to an expense of $3,320 per quarter, which produces net income for the fourth quarter in the amount of $9,972. Claimant argues that the Department should have used either of these figures, which entitles her to a higher weekly PUA benefit.

---

[3] This Court's review in an unemployment compensation case determines whether constitutional rights were violated, errors of law were committed, or necessary findings of fact are not supported by substantial evidence. *Lee Hospital v. Unemployment Compensation Board of Review*, 637 A.2d 695, 697 (Pa. Cmwlth. 1994).

3

The Board responds that Claimant's evidence did not establish her 2019 quarterly income with her quarterly tax payments. Claimant's quarterly tax payments were attached to her appeal to the Board, but they were not made part of the record before the Referee and, thus, could not be considered. Her expense exhibit was not broken down by quarter and, thus, could not be used to calculate her quarterly net income. Department Brief at 11 n.8. Absent this evidence, the Department properly divided Claimant's 2019 net income by four and applied the average net amount to the benefit chart in Section 404(e)(1) of the Law to determine Claimant's PUA benefits.

In unemployment compensation proceedings, the Board is the ultimate fact finder and it is empowered to resolve all conflicts in the evidence. *Procito v. Unemployment Compensation Board of Review*, 945 A.2d 261, 262 n.1 (Pa. Cmwlth. 2008). *See also Brannigan v. Unemployment Compensation Board of Review*, 887 A.2d 841, 843 (Pa. Cmwlth. 2005). When the record supports a finding of the Board, that finding is conclusive. *Janicki v. Unemployment Compensation Board of Review*, 469 A.2d 713, 714 (Pa. Cmwlth. 1984).

Claimant contends that her net income for the fourth quarter of 2019 was either $9,972 or $11,553, but substantially higher than the $6,384 assigned to that quarter by the Department. Because the travel and supply expenses listed in the expense chart were undated, Claimant divides those expenses by four and uses the averaged figure to calculate the total expenses incurred in the fourth quarter of 2019. The Board, however, relied solely on the total net income reported in Claimant's 2019 annual tax return and divided that figure by four to establish Claimant's net quarterly income. Claimant's 2019 annual tax return is competent evidence to support the Board's finding. *Janicki*, 469 A.2d at 714.

Given the evidence presented, the Board did not err in finding that Claimant's net income for 2019 was $6,384 per quarter. Under Section 404(e)(1) of the Law, the Board properly determined that Claimant was eligible for $251 per week in PUA benefits. Notably, the Board acknowledged that had Claimant's quarterly tax payment documentation been presented to the Referee, the result may have been different. For that reason, the Board stated: "The Claimant may wish to contact the UC Service Center and provide it with a copy of the documentation and request a redetermination of her WBA." Board Adjudication at 1.[4]

For the above reasons, we conclude that the Board's findings were supported by substantial, competent evidence. Accordingly, we affirm the Board's adjudication.

_____
MARY HANNAH LEAVITT, President Judge Emerita

---

[4] It is not known if Claimant pursued this avenue of relief.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lisa Van Scyoc, : 
        Petitioner : 
     : 
     v. :    No. 186 C.D. 2022
     : 
Unemployment Compensation : 
Board of Review, : 
        Respondent : 

## **O R D E R**

AND NOW, this 12th day of January, 2023, the adjudication of the Unemployment Compensation Board of Review in the above-captioned matter, dated January 19, 2022, is AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge Emerita