Stanley G. Nodvik, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued June 5, 1978, before Judges CRUMLISH, JR., BLATT and DISALLE, sitting as a panel of three.

*Edmond A. Tiryak,* for appellant.

*Susan Shinkman,* Assistant Attorney General, with her *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., September 7, 1978:

Stanley G. Nodvik (Claimant/Appellant) appeals a decision of the Unemployment Compensation Board of Review (Board) which affirmed the referee who denied him unemployment compensation benefits.

The unusual facts are undisputed. Claimant was employed by Reuben H. Donnelly (Employer) for approximately two years as a computer programmer. He suffers from "manic depression," a recurring mental illness affecting his judgment and causing hyperactivity, excitability and euphoria. Symptoms of the illness became manifest in October, 1975, and on-the-job difficulties began. Claimant was unable to sleep, he became increasingly irrational and was incapable of performing even the simplest tasks. Hoping to minimize these difficulties, he arranged for a reduced work week. The adjusted work week failed to remedy the situation and while in a manic state, Claimant resigned on February 9, 1976. Claimant's condition persisted for approximately two weeks after his resignation and then subsided.

Claimant's application for unemployment compensation benefits was denied by the referee, who found that Claimant voluntarily terminated his employment without cause of a necessitous and compelling reason. His ineligibility, therefore, was premised on Section 402(b)(1) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1), which provides, in part, as follows:

An employe shall be ineligible for compensation for any week—

. . . .

. (b)(1) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

On appeal, the Board found that Claimant suffers from a medically certified illness; that Employer was aware of Claimant's illness; that the illness precludes Claimant from thinking rationally; that Claimant altered his work schedule to minimize the difficulties caused by the illness; and that, while under the influence of the illness, Claimant resigned. The Board concluded that because Claimant was unable to think rationally during the period of his illness, he cannot be disqualified from receiving benefits under Section 402(b)(1). It, however, also reasoned that because of his inability to exhibit rational behavior, Claimant was neither able to work nor was he available for suitable work during the period of his illness. Therefore, he was deemed to be ineligible for benefits during the compensable weeks ending February 21 and 28, 1976, under Section 401(d) of the Law, 43 P.S. §801(d), which provides, in pertinent part, as follows:

§801. Qualifications required to secure compensation

Compensation shall be payable to any employe who is or becomes unemployed, and who

—

. . . .

(d) Is able to work and available for suitaable work. . . .

Claimant appeals to us and argues that the Board's finding that "Claimant was not available for work" was not supported by substantial evidence. He asserts that he was *not* in a manic state at the time he applied for compensation benefits. We do not agree. It is well settled that the determination of whether an unemployment compensation claimant is available for work is a question of fact for the Board and we are bound to affirm it if there is sufficient supportive

evidence. *See Goodwin v. Unemployment Compensation Board of Review*, 32 Pa. Commonwealth Ct. 285, 378 A.2d 1308 (1977).

Claimant established a presumption of his availability when he registered for work. *See Unemployment Compensation Board of Review v. Patsy*, 21 Pa. Commonwealth Ct. 341, 345 A.2d 785 (1975). This presumption, however, was rebutted by the evidence which clearly shows that Claimant was irrational and incapable of effectively performing his assigned duties during the period of his illness; that he applied for unemployment compensation benefits on February 15, 1976; and that he was in a hypomanic state on February 23, 1976. We have no difficulty in saying that the finding of the Board is supported by the evidence and we, therefore, affirm.

Accordingly, we

ORDER

AND Now, this 7th day of September, 1978, the decision of the Unemployment Compensation Board of Review denying benefits to Stanley G. Nodvik for the compensable weeks ending February 21 and February 28, 1976, is affirmed.