Bruce N. Fritz, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 3, 1982, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Andrew F. Erba,* for petitioner.

*Charles Hasson,* Associate Counsel, with him *Steven J. Neary,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, May 14, 1982:

Bruce N. Fritz (Claimant) appeals here from an order of the Unemployment Compensation Board of Review which reversed a referee's award of benefits. The referee found Claimant's absences and lateness were mainly due to his health problems and state of mind. On that basis, the referee reversed the decision of the Office of Employment Security and found Claimant was not guilty of willful misconduct and therefore eligible for unemployment compensation benefits. The Unemployment Compensation Board of Review[1] reversed the referee's determination and

---

[1] When the Employer first filed an appeal from the referee's decision, the Board remanded the case to the referee who acted as a Hearing Officer for the Board. The Employer presented testimony at the remand hearing but was not present at the initial hearing.

denied benefits on the basis of willful misconduct, Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

The facts of this case are not in dispute. Claimant was last employed by Philadelphia Electric Company (Employer) as an Apprentice Machine Helper for seven and one-half years. During his tenure Claimant had a long history of attendance related problems which resulted in numerous warnings and suspensions. On December 14, 1979, Claimant returned to work after one of his suspensions. From that point in time until February 22, 1980, Claimant's last day of work, his attendance record was as follows:

| | |
|---|---|
| December 20, 1979 | Late ¾ hours |
| January 14, 1980 | Late 1½ hours |
| January 18, 1980 | Late ¾ hour |
| February 4, 1980 | Absent |
| February 8, 1980 | Late 10 minutes |
| February 19, 1980 | Late 1½ hours |
| February 21, 1980 | Left early without permission ½ hour |
| February 22, 1980 | Late ¾ hour |

This is a total of eight (8) occurrences in two months.

After Claimant's tardiness of February 19, 1980, the Employer sent Claimant to the Employer's Medical Department for counselling as had been done many times before. Claimant was warned future instances of tardiness and absence would jeopardize his job.

At the hearing, when given a chance to explain his tardiness, Claimant wasn't able to advance any reason other than that he overslept. When asked how his depression and feelings affected his work, Claimant said, "Well the only way they would be interfering would be as far as me waking up. Once I was on the job my depression sort of ceased until I came back

home.'' Claimant said his emotional state affected his sleeping habits which affected his ability to be prompt and timely.

Claimant testified that he understood and was aware of the Employer's attendance policy. He also repeatedly signed his Employer's memorandums of reprimand which stated: "I have reviewed the above summary and I understand that if my lateness and absence continue or if I violate any of the terms of the memorandum, I will be suspended and the Maintenance Division will recommend termination of employment.''

On February 22, 1980, Claimant was suspended indefinitely by his Employer as a result of his failure to improve and his continuing unsatisfactory service record. This suspension was converted to a discharge on March 31, 1980.

Prior to and during this period, Claimant developed a history of anxiety and depression for which he received treatment and was hospitalized from October 21, 1979 to November 20, 1979. Employer had referred Claimant to this clinic where he was hospitalized and later treated as an out-patient. Claimant had trouble sleeping and frequently used alcohol as a sleep aid and to treat underlying feelings of depression.

The issue before us is whether or not Claimant was as a matter of law guilty of willful misconduct and thereby ineligible for benefits under Section 402(e) of the Law.

In a case such as this, where the party with the burden of proof succeeds on the merits before the Board, our scope of review is limited to a determination of whether substantial evidence exists in the record to support the Board's findings and whether any errors of law were committed. *Placid v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 250, 427 A.2d 748 (1981). The burden of

proving willful misconduct is on the employer. *American Process Lettering, Inc. v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 272, 412 A.2d 1123 (1980). Whether Claimant's behavior constituted willful misconduct is a question of law and, as such, subject to review by this Court. *Mancini v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 266, 412 A.2d 708 (1980). We are aware that a violation of an employer's rule or demand is not willful misconduct "if the evidence shows that the employe's action was justifiable and reasonable in light of all circumstances and was taken with good cause." *Kindrew v. Unemployment Compensation Board of Review,* 37 Pa. Commonwealth Ct. 9, 12, 388 A.2d 801, 802 (1978). Where claimant attempts to justify alleged willful misconduct by a showing of good cause, the claimant bears the burden of proving such good cause. *Lake v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 138, 409 A.2d 126 (1979).

After reviewing the record, we are satisfied that the Board's findings are based upon substantial evidence. As a result, those findings are deemed conclusive upon this Court. *Patrick v. Unemployment Compensation Board of Review,* 41 Pa. Commonwealth Ct. 238, 398 A.2d 1095 (1979). We must now determine whether these findings support the conclusion that Claimant's conduct amounted to willful misconduct. Willful misconduct has been defined in the law as:

> [A]n act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer had the right to expect of his employee, or negligence in such degree or recurrence as to manifest culpability, wrongful intent or evil design, or show an intentional substantial disregard of the employer's

interest or of the employee's duties and obligations to the employer.

*Harbutz v. Unemployment Compensation Board of Review*, 10 Pa. Commonwealth Ct. 235, 236, 309 A.2d 840, 841 (1973).

Claimant in his brief says that his mental illness, that is his severe depression, has affected his ability to conform to the Employer's regulations and argues that under *Nodvik v. Unemployment Compensation Board of Review*, 37 Pa. Commonwealth Ct. 466, 391 A.2d 27 (1978) we should find that Claimant's behavior was not willful, but rather taken with good cause. In *Nodvik,* this Court held a psychiatric illness was a compelling and necessitous reason for terminating employment within the meaning of §402(b)(1) of the Law, 43 P.S. §802(b)(1). Claimant argues that if manic depression is sufficient to justify a voluntary quit, then it should likewise be a defense for willful misconduct and thereby evidence good cause for Claimant's behavior. It is not necessary for us to resolve this issue because the Board's findings in *Nodvik* were far different from those in the instant case. In *Nodvik,* the Board found that the claimant suffered from a medically certified illness which precluded the claimant from thinking rationally. In the instant case, the Board found only that Claimant suffered from emotional problems for which he received counselling and rehabilitation. The record supports nothing more.

Claimant has not demonstrated that his emotional problems prevented him from starting his job at the time he was scheduled to begin. Claimant's attempt to treat himself by using alcohol as a sleep aid was undertaken even though he was aware from a long history of tardiness and absenteeism that this could cause him to oversleep. Claimant freely chose to handle his sleeping problems in this manner despite several warnings that if his poor attendance habits continued

he would be out of a job. Claimant stated that once he arrived at work his depression subsided throughout the working day. Since this is so, Claimant's depression does not explain the February 21, 1980 incident of leaving work early without permission or the February 4, 1980 absence. An employer has the right to expect that his employees will attend work when they are scheduled, that they will be on time and that they will not leave work early without permission. We have repeatedly held that habitual tardiness is adequate grounds for a finding of willful misconduct. *Unemployment Compensation Board of Review v. Glenn,* 23 Pa. Commonwealth Ct. 240, 350 A.2d 890 (1976). Certainly six (6) instances of Claimant's unexcused, extremely late behavior, within a two (2) month period, is sufficient for a finding of willful misconduct. *See Bowers v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 171, 392 A.2d 890 (1978). In addition to Claimant's lateness, he had a chronic absentee problem and had been known to leave work early without permission. Surely such behavior is inimical to an employer's interest. Employer testified that if one of his employees doesn't show up for work it puts a burden on those who do. Claimant by his actions has disregarded the standards expected of him and has disregarded his duties and obligations to his Employer.

Despite Claimant's contention he did not intend to harm his Employer, we have many times before held: "To be guilty of willful misconduct, an employee need not intend to wrong the employer." *American Process Lettering, Inc.,* 50 Pa. Commonwealth Ct. at 276, 412 A.2d at 1125. Such conscious disregard of the Employer's interest as is evidenced in this case is enough. *Smith v. Unemployment Compensation Board of Review,* 28 Pa. Commonwealth Ct. 98, 101, 367 A.2d 811, 812 (1977).

Claimant also contends that the Board erred in finding number six (6) where it stated: "The Claimant suffered from emotional problems for which he had received counselling and rehabilitation." Claimant contends he has not been rehabilitated, but rather is still undergoing mental depression and as a result the Board erred in finding he was rehabilitated. We find this argument without merit. Our interpretation of finding number six (6) is not that Claimant has been cured or rehabilitated, but rather that he received counselling and rehabilitation[2] treatment. The record supports this interpretation.

On the basis of the above we affirm the order of the Board.

### ORDER

It is ordered that the order of the Unemployment Compensation Board of Review, decision number B-189406, dated November 5, 1980, reversing the order of the referee and denying unemployment compensation benefits to Bruce N. Fritz is hereby affirmed.

Judge MENCER did not participate in the decision in this case.

---

[2] Claimant had an interview at the Bureau of Vocational Rehabilitation.