Howard Hammond, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs June 8, 1983, to Judges
WILLIAMS, JR., CRAIG and MACPHAIL, sitting as a
panel of three.

*Meris L. Bergquist,* for petitioner.

*Richard F. Faux,* Associate Counsel, with him
*Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, September 7, 1983:

Claimant, Howard Hammond, appeals here from a
decision of the Unemployment Compensation Board of
Review (Board) which adopted and affirmed a
referee's decision holding Claimant ineligible for
benefits on the basis of willful misconduct under Sec-
tion 402(e) of the Unemployment Compensation Law
(Law), Act of December 5, 1936, Second Ex. Sess.,
P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). The

Board reasoned that Claimant violated Employer rule 9-D of the Labor Management Agreement prohibiting company employees found on company property from being "under the influence of narcotics or dangerous drugs."

Claimant was laid off by Sun Ship, Inc. due to a lack of work. He was recalled by Sun Ship, however, on July 15, 1981 to his former position as a grit blaster. Claimant was required to undergo a physical exam when he reported for re-employment on Monday, July 20, 1981. The result of the physical showed that there was a controlled substance[1] in the Claimant's urine for which he did not have a doctor's prescription. As a result of this test, Claimant was discharged for being on company property while under the influence of a controlled substance which was not prescribed.

Claimant testified that on Saturday, July 18, 1981, he did take a pill which was given to him by a friend who suggested that it would help his bronchial condition. He contends, however, that there is not substantial evidence[2] on the record to support the Board's finding that he reported to work "under the influence" of a controlled substance. We agree.

---

[1] Claimant contends that there is nothing in the record which identifies the drug taken by Claimant. We agree. The only evidence set forth by the Employer is the testimony offered by the Employer representative stating that "a controlled substance was found in Mr. Hammond's urine." The laboratory reports were never made a part of the record.

[2] Where, as here, the party with the burden of proof succeeds on the merits before the Board, our scope of review is limited to determining whether substantial evidence exists in the record to support the Board's findings and whether any errors of law were committed. Whether Claimant's behavior constituted willful misconduct is a question of law, and subject to review by this Court. *Fritz v. Unemployment Conpensation Board of Review*, 66 Pa. Commonwealth Ct. 492, 446 A.2d 330 (1982).

The mere fact that an unidentified, unprescribed drug was found in Claimant's urine does not of itself constitute substantial evidence to support the finding that Claimant was "under the influence"[3] of the drug. Claimant stated and the Board found that he took this pill two days before he was to begin his re-employment. Other than the fact that Claimant took this unidentified substance, there is no evidence of record to show that Claimant was "under the influence" of a dangerous drug or narcotic when he reported for work, two days later, on Monday, July 20, 1981. Without evidence showing that Claimant's ability to perform his job was in some way impaired, either physically or mentally, there can be no finding that Claimant was "under the influence" of a drug. Thus, there is no factual basis to substantiate the legal conclusion that Claimant was ineligible for benefits on the basis of willfully violating an employer rule which prohibits an employee from being on company property when "under the influence of narcotics or dangerous drugs."

The Board's order is reversed.[4]

---

[3] The term "under the influence" has been interpreted to mean more than the mere fact of consuming an intoxicant. *Commonwealth v. Buffington*, 298 Pa. Superior Ct. 319, 444 A.2d 1194 (1982). The facts of the case must show that the claimant's ability to perform his duties was in some way impaired. *Cf. Buffington* (a driver's ability to drive a car was impaired as a result of his drinking of intoxicating liquor).

[4] The claimant also presented an issue alleging that the Employer failed to meet its burden of proof by failing to show that claimant deliberately violated the Employer's rule. Since we have already reversed the Board's order on the basis of the lack of substantial evidence to support its findings, we need not address this issue.

#### Order

It is ordered that the order of the Unemployment Compensation Board of Review numbered B-201789 and dated December 4, 1981, is hereby reversed and the record remanded for the computation of benefits.