525 A.2d 1246

Gregory P. Ortman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs January 23, 1987, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Robert I. Boose, II, Fike, Cascio & Boose,* for petitioner.

*Samuel H. Lewis,* Associate Counsel, with him, *Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY SENIOR JUDGE BARBIERI, May 11, 1987:

In this unemployment compensation case, we are called upon to determine whether the Claimant, Gregory P. Ortman, is a professional athlete within the meaning of Section 402.2 of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, added by Section 5 of the Act of July 6, 1977, P.L. 41, 43 P.S. §802.2, so as to render him ineligible for unemployment compensation benefits during his off-season.

Claimant was last employed as a golf professional by the Somerset Country Club. His contract with the country club was on an annual basis and his last day of

work for 1984 was October 31, 1984. Claimant signed a contract for 1985 with the country club on January 10, 1985. Under the terms of his contract, Claimant was active with the country club from April 1st through October 31st of each year the contract was in effect. Claimant had contracts with this particular country club since 1982. During the period from November through March, when he is not required to be "active" with the country club, Claimant travels to Florida where he attends professional seminars, golf-related business schools, merchandise shows, and participates in golf tournaments. Claimant has three sponsors who pay his entry fees for the tournaments and in return receive three-quarters of the purses should Claimant win any.

After his active season with the country club ended on October 31, 1984, Claimant applied for benefits with the Office of Employment Security (OES). The OES determined that he was ineligible for benefits by virtue of Section 402.2 of the Law. Upon appeal, a referee affirmed the OES determination and held the Claimant ineligible for benefits. On further appeal, the Unemployment Compensation Board of Review (Board) affirmed.

In this appeal, Claimant contends that: (1) the Board erred when it found that he was a "professional athlete" within the meaning of Section 402.2 of the Law; and (2) that the Board erred as a matter of law when it applied Section 402.2 of the Law to his circumstances to deny his application for benefits. We shall discuss these issues in the order stated, ever mindful that under our limited scope of review under Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, of a Board decision, we must affirm the Board unless necessary findings are unsupported by substantial evidence, an error of law committed, or a constitutional right of the Claimant violated. *Saxton v. Unemployment Compensa-*

*tion Board of Review,* 71 Pa. Commonwealth Ct. 636, 455 A.2d 765 (1983).

Claimant's first contention is that the Board erred in classifying him as a "professional athlete." While he concedes that he is a "golf professional," he disputes the Board's characterization of him as a "professional golfer." We initially note that the General Assembly has not defined the term "professional athlete" as used in 43 P.S. §802.2. Therefore, under Section 1903 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1903, the term must be construed according to its common and approved usage. *Fraternal Order of Police v. Pennsylvania Labor Relations Board,* 71 Pa. Commonwealth Ct. 316, 454 A.2d 686 (1983), *aff'd,* 502 Pa. 541, 467 A.2d 323 (1983). We have previously defined the term "profession" as the "occupation, if not purely commercial, mechanical, agricultural, or the like, to which one devotes oneself; a calling in which one professes to have acquired some special knowledge used by way either of instructing, guiding, or advising others." *Reich v. City of Reading,* 3 Pa. Commonwealth Ct. 511, 518, 284 A.2d 315, 319 (1971). An "athlete" is one who is trained or skilled in exercises, sports, or games requiring physical strength, agility, or stamina. Webster's New Collegiate Dictionary (1981) at 70. Therefore, a "professional athlete" as used in Section 402.2 is one who is trained and or skilled in exercises, sports, or games and uses that skill or training to make a living by way of participating, instructing, guiding or advising others.

Claimant's duties as a "golf professional" with the country club are to operate and maintain a golf shop for repairs, handling, storage, leasing, and services related to golf equipment and carts. The contract with the country club also requires Claimant to represent the country club in various golf competitions and give golf lessons. He is clearly making his living through his skill

and training in the sport of golf. We therefore agree with the Board that Claimant is a professional athlete coming within the scope of Section 402.2 of the Law.

We now turn to Claimant's second contention which is that the Board misapplied Section 402.2 to his situation. Section 402.2 of the Law, 43 P.S. §802.2, reads as follows:

*§802.2. Benefits based on service by professional athletes*

Benefits shall not be paid to any individual on the basis of any services, substantially all of which consist of participating in sports or athletic events or training or preparing to so participate, for any week which commences during the period between two successive sport seasons or similar periods if such individual performed such services in the first of such seasons or similar periods and there is a reasonable assurance that such individual will perform such service in the latter of such seasons or similar periods.

According to the statutory language, a claimant will be ineligible for benefits where the employment upon which the claim for benefits is based meets the following requirements:

1. Substantially all of the services rendered consist of the claimant's participation in sports or athletic events or training or preparation to so participate;

2. The claim for benefits is for the period between sports seasons; and

3. The claimant performed such services during the sports season immediately preceding the off season for which benefits are claimed and there is a reasonable assurance that the claimant will perform similar services in the sports season

immediately following the off season for which benefits are claimed.

Reviewing the factual circumstances of this particular case, we are constrained to agree with the Board that Claimant's services as a "golf professional" with the country club render him ineligible for benefits under Section 402.2. We have no trouble in finding that Claimant satisfies the latter two requirements for benefit ineligibility. Whether he falls within the first requirement, however, is a more difficult issue.

Section 402.2 denies benefits based on services consisting primarily of a claimant's participation or training for participation in sports or athletic events. Claimant's duties with the country club primarily involved giving golf lessons and running the club's golf shop. He is also required to represent the country club in golf tournaments. Claimant would have us interpret Section 402.2 in such a way that only professional golfers on the tournament circuit would be ineligible for benefits. We do not agree that the scope of Section 402.2 is as narrow as Claimant would have us hold.

In addition to excluding services consisting of participating, or training for participation in, athletic events from eligibility for benefits, the General Assembly has also excluded from eligibility service consisting primarily of participation in, or training for participation in, sports. Since "sports" has not been defined by the General Assembly within the context of the Law and it is not a technical term of art, we must construe the term in accordance with its common and approved usage. 1 Pa. C. S. §1903. Thus, within the meaning of Section 402.2, "sports" consists of a physical activity normally engaged in for diversion, recreation, or pleasure. There can be no serious question that golf is considered as a sport. Claimant's duties consisting of teaching golf and representing the country club in tournaments, as well

as his activity in running the golf shop, come within the scope of the first requirement in that his employment consists primarily of participating in, or training for participation in, sports. We interpret the "training or preparing for" language in Section 402.2 as including training others to participate in the sport as well as the professional athlete's own training and preparation for his or her participation in the particular sport or athletic event.

Having found that the Claimant is a professional athlete within the meaning of Section 402.2, we must affirm the Board's denial of benefits.

ORDER

Now, May 11, 1987, the Order of the Unemployment Compensation Board of Review at Decision No. B-239698, dated April 17, 1985, is hereby affirmed.