539 A.2d 1383

Bruce E. Shaw, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs February 24, 1988, to Judges Craig, MacPhail, and Senior Judge Barbieri, sitting as a panel of three.

*David L. Hill, Community Legal Services, Inc.,* for petitioner.

*Sandra L. Clouser,* Assistant Counsel, with her, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

Opinion by Judge Craig, March 30, 1988:

Claimant Bruce E. Shaw appeals from an order of the Unemployment Compensation Board of Review de-

nying his claim for benefits. Specifically, the board found the claimant ineligible for unemployment compensation because his dismissal was the result of willful misconduct.[1]

The claimant raises three issues:

1. SEPTA's urine test policy and its application in this case violated the claimant's fourth amendment rights because SEPTA did not have a reasonable suspicion of drug abuse by the claimant.

2. The board erred in concluding that claimant had engaged in willful misconduct because the claimant had smoked the marijuana while off duty, and therefore did not violate SEPTA rule 85-1.

3. The board erred in concluding that the claimant did not have good cause for refusing to undergo drug treatment.

Because we conclude that SEPTA did have reasonable suspicion of possible drug abuse by the claimant, that the claimant did engage in willful misconduct, and that the claimant did not have good cause for failing to avoid dismissal by entering a treatment program, we affirm.

The facts as found by the board are as follows. The claimant worked for SEPTA as a bus driver for nine years. During that time, a supervisor of SEPTA had questioned claimant regarding his substandard attendance. Specifically, the supervisor inquired if the unsatisfactory attendance record resulted from a drug or alcohol problem. Claimant denied that he had such a problem, asserting that his attendance problem resulted from oversleeping.

---

[1] Section 402(e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Claimant had a scheduled day off on August 30, 1986, and had a scheduled vacation from August 31 to September 6. On September 1, claimant went to SEPTA's district office to report an alleged on-the-job injury claimant had sustained on August 29. The supervisor considered the claimant's failure to report the injury immediately to be unusual and suspicious. The supervisor directed the claimant to report to the SEPTA medical department for an evaluation of the alleged injury, and to undergo a body fluids screening test. On September 2, the claimant voluntarily submitted to these tests.

The claimant tested positive for marijuana. SEPTA determined that claimant was a "troubled employee." SEPTA informed the claimant of the test results, at which time the claimant admitted smoking marijuana at a party on Labor Day weekend. SEPTA informed the claimant that, in accordance with its Policy 85-1, the presence of marijuana constituted a dismissal offense. SEPTA offered Shaw an alternative to being discharged, a 30-day leave of absence for a drug treatment program. The claimant refused this offer, and SEPTA informed him that he would have to undergo a second body fluids test. On September 10, the claimant submitted to another fluids test, and again tested positive for marijuana. On September 23 1986, based upon the positive drug tests and the claimant's refusal to undergo drug treatment, SEPTA discharged the claimant for violation of its Policy 85-1.

Our scope of review is limited to determining whether there has been a constitutional violation or error of law, and whether the record, taken as a whole, contains substantial evidence to support those findings. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

Willful misconduct occurs where an employee has demonstrated a disregard of the employer's interest.

*Carl v. Unemployment Compensation Board of Review,* 83 Pa. Commonwealth Ct. 256, 476 A.2d 1008 (1984). Moreover, willful misconduct is established if the "employee disregarded standards of behavior which an employer can rightfully expect." *Maikits v. Unemployment Compensation Board of Review,* 72 Pa. Commonwealth Ct. 491, 494, 456 A.2d 1157, 1159 (1983). The question of whether an employee's conduct constitutes willful misconduct is a question of law subject to review by this court. *McLean v. Unemployment Compensation Board of Review,* 476 Pa. 617, 383 A.2d 533 (1978).

SEPTA's Employee Policy 85-1 states:

Because of the unpredictable residual effects of certain intoxicants and/or controlled substances, the presence of intoxicants or controlled substances in employees off-duty but subject to duty; when reporting for duty; on duty; when on the Authority property or in recognizable uniform; is strictly prohibited and is a dischargeable offense. Any employee suspected of being in violation of this Order may be required to take a blood, urinalysis or other toxicological test(s).

The United States Supreme Court, in a plurality opinion, held that searches of public employees do not violate the Fourth Amendment if the search is reasonable under the circumstances. *O'Connor v. Ortega,* 480 U.S. 709 (1987).[2]

---

[2] The Ninth Circuit Court of Appeals recently held that statutorily mandated drug testing of all railroad employees, involved in various railroad accidents or rule violations, violates the fourth amendment when there is no "particularized suspicion" of drug or alochol use by the employee. *Railwaj Labor Executives' Association v. John Burnely, Secretary, Department of Transportation,* 839 Fed. 2d 575 (9th Cir. 1988).

SEPTA, being responsible for the safe transportation of thousands of people each day, has established a policy forbidding employees from having drugs or intoxicants in their system when they are on duty, subject to duty, on SEPTA property, or in uniform. When SEPTA suspects a violation of this policy, the employee may be required to submit to a blood or urine test.

The SEPTA supervisor testified that the claimant had a history of tardiness and absenteeism and that the supervisor had previously inquired of claimant whether he had a drug or alcohol problem. Moreover, the supervisor's suspicions were further aroused when the claimant arrived at SEPTA's district office to report a work-related injury that had occurred several days earlier. The standard practice is for an employee to report job related injuries immediately. Therefore, the supervisor did have reason to suspect that the claimant had violated Policy 85-1.

Under these circumstances, we conclude that taking samples of the claimant's blood and urine was reasonable, and therefore did not violate the Fourth Amendment.

Furthermore, any assertion by the claimant that the body fluids test violated his Fourth Amendment rights is vitiated by the fact that he consented to both tests. The claimant fails to allege that SEPTA coerced him to consent to the fluids tests. If there is no coercion, a search authorized by consent is wholly valid. *Schneckloth v. Bustamonte*, 412 U.S. 218 (1973).

The claimant asserts that he did not violate SEPTA Policy 85-1 because he was not on duty or subject to duty at the time he smoked the marijuana. However, SEPTA Policy 85-1 also prohibits the presence of mari-

---

This case is distinguishable in that SEPTA here *had* a particularized suspicion that Shaw had used drugs in violation of Policy 85-1 before requesting that he submit to a body fluids test.

juana in an employee when he is on "[a]uthority property". The claimant violated this policy when he arrived at SEPTA's district office to report the injury.

This court has stated that once an employer has established a rule violation to support the dismissal, the employee may retain eligibility for unemployment compensation benefits by establishing that he had good cause for the violation. *Wilson v. Unemployment Compensation Review Board*, 72 Pa. Commonwealth Ct. 504, 457 A.2d 164 (1983).

The claimant asserts that he refused the leave of absence to enter a treatment program because he felt that, although the matter would be confidential, other employees would find out the reason for his leave, and he did not want to be characterized as a drug user. Therefore, the claimant asserts, he had good cause to refuse the required treatment program.

We agree with the board that the claimant did not have good cause for failing to undergo drug treatment. The stigma that would arise from undergoing drug treatment and saving his job could be no worse than the stigma of being dismissed from employment for drug use.

Accordingly, we affirm.

ORDER

Now, March 30, 1988, the order of the Unemployment Compensation Board of Review, at No. B-256172, dated February 26, 1987, is affirmed.