541 A.2d 48

John Szostek, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

8

Submitted on briefs January 27, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Andrew F. Erba, Community Legal Services, Inc.,* for petitioner.

*Bernadette Paul,* Assistant Counsel, with her, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE SMITH, May 5, 1988:

Claimant, John Szostek, appeals from a decision of the Unemployment Compensation Board of Review

(Board) which affirmed the referee's denial of benefits to Claimant pursuant to Section 402(e) of the Pennsylvania Unemployment Compensation Law (Law)[1]. We affirm the decision of the Board.

The questions to be determined by this Court are whether the findings of fact are supported by substantial evidence of record; whether Claimant's admission of drug use to Employer's medical director was admissible; and whether Claimant's conduct constitutes willful misconduct. Claimant was last employed as a meter reader for the Philadelphia Gas Works, having his last day of work on March 18, 1987, the date of discharge. Employer terminated Claimant after he admitted to smoking marijuana subsequent to his return to work from a drug rehabilitation leave of absence. The Board found that Claimant was admitted into a drug rehabilitation program on December 31, 1986 suffering from a drug addiction. On February 9, 1987 Claimant was returned to work from rehabilitation upon the condition that he remain drug-free and submit to random drug screenings by Employer's medical director. On March 11, 1987, Claimant was given a random drug screening, and subsequent thereto, after discussion of the test results, Claimant admitted to the medical director that he had smoked marijuana. Claimant was discharged on March 18, 1987 for violating the condition that he remain drug-free upon his return to work. The Board further found that Claimant had failed to establish justification for his conduct and concluded that Claimant's behavior rose to the level of willful misconduct rendering him ineligible for benefits under Section 402(e).

In reviewing Claimant's appeal, the Board's decision will be affirmed unless this Court finds that it is in vio-

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e).

lation of Claimant's constitutional rights; is not in accordance with the law; or that any necessary findings of fact are not supported by substantial evidence of record. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986). In determining whether substantial evidence exists to support the Board's findings, this Court must examine the testimony in the light most favorable to the party prevailing below, giving the prevailing party the benefit of any inferences which can be logically and reasonably drawn from the evidence. *See Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 378 A.2d 829 (1977); *Heins v. Unemployment Compensation Board of Review,* 111 Pa. Commonwealth Ct. 604, 534 A.2d 592 (1987); *Janicki v. Unemployment Compensation Board of Review,* 79 Pa. Commonwealth Ct. 411, 413, 469 A.2d 713, 714 (1984), citing *Whisner v. Unemployment Compensation Board of Review,* 67 Pa. Commonwealth Ct. 137, 446 A.2d 336 (1982).

The question of whether conduct rises to the level of willful misconduct is a question of law to be determined by this Court. *Fritz v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 492, 446 A.2d 330 (1982). Although not defined by statute, the courts of this Commonwealth have defined willful misconduct as an act of wanton or willful disregard of the employer's interests; a deliberate violation of the employer's rules; a disregard of the standards of behavior which an employer has a right to expect of an employee; or negligence indicating an intentional disregard of the employer's interests or of the employee's duties and obligations to the employer. *McLean v. Unemployment Compensation Board of Review,* 476 Pa. 617, 383 A.2d 533 (1978); *Bailey v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review,* 72 Pa. Commonwealth Ct. 293, 457 A.2d 147 (1983).

Claimant agreed upon his return to work that he would remain drug-free and submit to random drug testing by the medical director. He now argues on appeal that since Employer did not define what it meant by remaining drug-free, no basis exists to conclude that Claimant violated Employer's condition of re-employment. This argument is without merit and warrants little discussion in light of the fact that the conditions of re-employment were clearly set forth by the Employer. Claimant's submission to the condition of random drug testing is sufficient to infer Claimant's understanding that he had to abstain from any drug use, *i.e.*, to remain drug-free.

Employer testified that one of the purposes behind its re-employment condition was to avert additional expense involved in sponsoring Claimant for further drug rehabilitation, clearly a reasonable expectation under the circumstances. Claimant's conduct therefore falls within the definition of willful misconduct as it represents a deliberate violation of an Employer rule as well as a disregard of standards of behavior which Employer had a right to expect of his employee previously granted leave of absence to participate in drug rehabilitation financed in part by Employer. *Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 351 A.2d 631 (1976); *Wilson v. Unemployment Compensation Board of Review*, 72 Pa. Commonwealth Ct. 504, 457 A.2d 164 (1983). The record establishes that the findings are supported by substantial evidence and support the Board's conclusion that Claimant's behavior rises to the level of willful misconduct as a matter of law. Claimant has failed to offer good cause for violation of the condition of employment that he remain drug-free.

Claimant's argument that his admission of drug use to Employer's medical director is inadmissible must also be rejected. Claimant was required to submit to ran-

dom drug testing with Employer's representative and knew or should have known that results of his tests would be disclosed to Employer. The drug testing and any conversations incident thereto did not occur in a privileged patient-physician relationship as contended by Claimant. Employer's medical director merely conducted and monitored random drug testing of Claimant and reported same to Employer. Moreover, Claimant consented to the testing as a condition of his re-employment with Employer. *See Shaw v. Unemployment Compensation Board of Review*, 115 Pa. Commonwealth Ct. 61, 539 A.2d 1383 (1988). Therefore, any communications in the form of admissions or otherwise elicited by the medical director were not protected by statute[2] and consequently admissible. The Board did not err in allowing Claimant's admission to be entered of record.

Counsel for Claimant argues in his brief that Claimant is not disqualified from receiving benefits because of his off-the-job use of marijuana and further that no evidence was presented that Claimant's marijuana use affected his job performance, citing *Hammond v. Unemployment Compensation Board of Review*, 77 Pa. Commonwealth Ct. 70, 465 A.2d 79 (1983). *Hammond* is inapposite to the instant case in that it is easily distinguishable on its facts. In *Hammond,* there was no evidence of record to indicate what drug or substance had been consumed by Claimant. Neither was there any evidence that Claimant was under the influence of a controlled substance while on company property, which was the Employer's rule Claimant purportedly violated. Here, there is an *admission* by Claimant to the Em-

---

[2] *See, generally,* 42 Pa. C. S. §5929, which provides, *inter alia:* "No physician shall be allowed, in any civil matter, to disclose any information which he acquired in attending the patient in a *professional* capacity . . . . which shall tend to blacken the character of the patient, without consent of said patient . . ." (Emphasis added.)

ployer's medical director that Claimant smoked marijuana. It is apparent from the record that Employer discharged Claimant for violation of a specific condition of employment, *i.e.,* drug use when Claimant had agreed to remain drug-free. Hence, findings of fact pertaining to the nature of Claimant's drug use and its direct effect upon job performance are not required under the circumstances. *See Shaw.*

Accordingly, the Board's decision is affirmed by this Court.

ORDER

AND NOW, this 5th day of May, 1988, the decision of the Pennsylvania Unemployment Compensation Board of Review issued July 13, 1987 is hereby affirmed.