551 A.2d 391

Gary Keay, Petitioner v. Commonwealth of Pennsylvania Unemployment Compensation Board of Review, Respondent.

Submitted on briefs October 11, 1988, to Judges DOYLE and MCGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Thomas F. Putinsky,* for petitioner.

*John Herzog,* Assistant Counsel, with him, *Clifford F. Blaze,* Deputy Chief Counsel, for respondent.

OPINION BY JUDGE MCGINLEY, December 14, 1988:

Gary Keay (Keay) appeals from a decision of the Unemployment Compensation Board of Review (Board) which affirmed the Referee's denial of unemployment compensation benefits due to willful misconduct pursuant to Section 402(e) of the Unemployment Compensation Law (Law).[1] We reverse.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e).

Keay was employed as a roofer with Voegele Roofing Co., Inc. (Employer) from April 20, 1980, until his last day of work on December 5, 1986. On that day he consumed beer during his lunch period. Three other employees also consumed beer. Keay's foreman was present at the time but did not raise an objection. All four of the employees were terminated as a result of this incident, but Keay was the only employee of the four who was not reinstated. The Office of Employment Security denied Keay's application for benefits. The Referee affirmed the denial of benefits, and the Board affirmed the Referee's decision. Keay appeals from the Board's decision.

Keay raises two issues: 1) that certain of the Board's findings are not supported by substantial evidence; 2) and that his conduct does not constitute willful misconduct and that he had good cause for his actions.

Our scope of review is well settled. We are limited to affirming the Board's decision unless there was an error of law, a party's constitutional rights were violated, or if the necessary findings of fact are not supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

Keay challenges two[2] of the Board's findings. Finding No. 8 states that: "The Claimant's services were terminated by the employer for consuming alcoholic beverages during a lunch period and for leaving the employer's trailer when Claimant was told to wait there."

---

[2] Keay also challenged Finding of Fact No. 11 as being unsupported by substantial evidence. This finding states that: "The Claimant did not have good cause for his actions." Keay correctly contends that this finding is actually a conclusion of law. Consequently, we will interpret his argument as a contention that the Board erred as a matter of law in concluding that Keay did not have good cause for his actions.

Keay argues that there was no evidence to support the second half of the finding. The Board concedes the lack of evidence to support that latter half of the finding, but submits that because this half of the finding is not *necessary* to support its decision, that decision is not flawed.

This Court's duty to insure that findings are supported by substantial evidence is limited to a review of *necessary* findings. *Ortman v. Unemployment Compensation Board of Review,* 106 Pa. Commonwealth Ct. 66, 525 A.2d 1246 (1987). The latter half of Finding No. 8 is not necessary to support the Board's conclusion that Keay was terminated due to willful misconduct. Consequently, the lack of evidence to support that half of the finding does not warrant a reversal of the Board's decision.

Keay also contends that Finding No. 10 was not supported by substantial evidence. This Finding states that "The Claimant was not subject to uneven work discipline." Keay suggests instead that the evidence indicated that he was subject to uneven work discipline because he alone of the four men who were in the bar was terminated. The record reveals that the Employer reinstated the other three employees because they previously had violated no rules, but that Keay was not reinstated because he previously had violated rules.[3]

Keay further argues that his actions did not constitute willful misconduct and that he had good cause for

[3] AEW: The outcome is we brought three of the four employees back.

QET: And, why is that?

AEW: Based on a previous record of the other three employees, they had no violations at all with us.

QET: And, in this case, with the Claimant, were there prior violations?

AEW: Yes, he had several prior violations.

his actions. Whether Keay's conduct constituted willful misconduct is a question of law reviewable by this Court. *Lacomis v. Unemployment Compensation Board of Review*, 105 Pa. Commonwealth Ct. 631, 525 A.2d 442 (1987). Willful misconduct has been defined as:

> '[A]n act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of an employee, or negligence indicating an intentional disregard of the employer's interest or of the employe's duties and obligations to the employer.'

*Frumento v. Unemployment Compensation Board of Review*, 466 Pa. 81, 83-84, 351 A.2d 631, 632 (1976). Where the controversy involves a violation of a rule the employer has the burden of proving the existence of a rule and the fact of its violation, and the employee, if attempting to justify a violation, has the burden of establishing good cause. *Schneider v. Unemployment Compensation Board of Review*, 105 Pa. Commonwealth Ct. 238, 523 A.2d 1202 (1987).

Keay concedes that a work rule existed regarding intoxication, as set forth in Section 9, Item L of the Employment Agreement between the Employer and the International Brotherhood of Firemen and Oilers, Powerhouse Employees, Operators and Maintenance Men, the union of which Keay was a member. The rule reads as follows:

> Performing work or driving or riding in a company vehicle while under the influence of alcoholic beverages, or being intoxicated or narcotics. A breathalyzer test can be administered by the company personnel. If the employee fails, he will be terminated. If the employee refuses to take the test, he will be terminated.

Keay further concedes that he was aware of this rule. He contends, however, that he did not violate this rule because he did not perform any work nor drive or ride in a company vehicle except at the direction of the Conrail Police.[4] Keay also contends that the employer must prove that he intentionally or deliberately violated the rule. He further suggests that he did not deliberately or intentionally do so because he thought that the term "under the influence" had the same meaning as it did in the state's drunk driving laws.

We agree that the Employer failed to prove that Keay violated the rule against intoxication. The rule did not prohibit mere consumption of alcohol; instead, the rule prohibited working under the influence or being intoxicated. In *Hammond v. Unemployment Compensation Board of Review*, 77 Pa. Commonwealth Ct. 70, 465 A.2d 79 (1983), we were faced with a similar situation. In that case the Board found that the claimant had violated the employer's rule against being on company property while "under the influence of narcotics or dangerous drugs." The evidence revealed that the claimant had ingested a controlled substance, but there was no evidence that he was "under the influence" of a dangerous drug or narcotic when he reported for work. We noted that the term "under the influence" means more than the mere fact of consuming an intoxicant. "The facts of the case must show that the Claimant's ability to perform his duties was in some way impaired." *Hammond*, 77 Pa. Commonwealth Ct. at 77, n.3.

In the matter now before us, the Employer proved only that Keay had consumed alcoholic beverages during his lunch break; no evidence was introduced to indicate that his ability to perform his duties was in any

---

[4] N.T. at 13.

way impaired. Consequently, the Employer failed to prove that Keay violated the rule against intoxication or working while under the influence.

For the aforementioned reasons, we reverse.

## ORDER

AND NOW, this 14th day of December, 1988, the decision of the Unemployment Compensation Board of Review in the above-captioned matter is reversed.