IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Katera's Kove, Inc.,            :
            Petitioner     :
                            :
         v.                     :
                            :
Unemployment Compensation   :
Board of Review,            :   No. 464 C.D. 2015
           Respondent   :   Submitted: August 21, 2015

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
                HONORABLE MARY HANNAH LEAVITT, Judge
                HONORABLE ANNE E. COVEY, Judge

OPINION BY
JUDGE COVEY[1]                          FILED: December 30, 2015

        Katera's Kove, Inc. (Employer) petitions this Court for review of the Unemployment Compensation (UC) Board of Review's (UCBR) March 3, 2015 order vacating the Referee's decision and finding Georgia L. Howard (Claimant) eligible for UC benefits under Section 402(e.1) of the UC Law (Law).[2] Employer essentially presents one issue for this Court's review: whether the UCBR erred in concluding that Claimant was eligible for UC benefits. After review, we reverse.

        Claimant was employed as a personal care aide by Employer from January 28, 2013 through her last day of work on July 1, 2014. Employer has a substance abuse policy which prohibits employees from reporting for work while under the influence of illegal drugs. The policy also provides that Employer may conduct random drug testing and that a positive test will result in discharge. On July

---

[1] This opinion was reassigned to the authoring judge on November 17, 2015.

[2] Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, added by Section 3 of the Act of December 9, 2002, P.L. 1330, 43 P.S. § 802(e.1) (relating to failure to submit and/or pass a drug test).

1, 2014, Employer required Claimant to submit to a drug test because she was acting erratically. Claimant tested positive for marijuana and was discharged for violating Employer's drug policy (Employer's Policy).

Claimant subsequently filed for UC benefits. On August 6, 2014, the Indiana UC Service Center issued a determination granting Claimant UC benefits under Section 402(e.1) of the Law. Although a copy of that determination was mailed to Employer, Employer did not receive it. Employer had been experiencing problems with its mail delivery in the summer of 2014; twice in August 2014, Employer found mail scattered on the ground around its mailbox and was missing multiple resident rent checks. Employer ultimately installed a locking mailbox to eliminate the problems with its mail.

On September 20, 2014, Employer learned from Facebook posts that Claimant was collecting UC benefits. Employer contacted the Department of Labor and Industry (Department) on September 23, 2014, and verified that Claimant was collecting UC benefits. Employer faxed its appeal to the Department on September 29, 2014. On November 12, 2014, a Referee hearing was held. On November 17, 2014, the Referee dismissed Employer's appeal as untimely pursuant to Section 501(e) of the Law.[3] Employer appealed to the UCBR, which remanded the matter to the Referee to address the merits under Section 402(e.1) of the Law. On March 3, 2015, the UCBR vacated the Referee's November 17, 2014 decision denying Claimant UC benefits and affirmed the UC Service Center's determination finding Claimant eligible for benefits under Section 402(e.1) of the Law. Employer appealed to this Court.[4]

---

[3] 43 P.S. § 821(e) (relating to time for appeal).

[4] "Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence." *Miller v. Unemployment Comp. Bd. of Review*, 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014).

2

Employer argues that the UCBR erred in concluding Claimant was eligible for UC benefits because Claimant was either ineligible under Section 402(e) of the Law[5] or under Section 402(e.1) of the Law. Specifically, Employer contends that Claimant is ineligible for UC benefits for having failed a drug test in accordance with Employer's Policy.

Initially, Section 402(e) of the Law is a general provision that applies to willful misconduct. Whereas, Section 402(e.1) of the Law relates to specific misconduct relating to "failure to submit and/or pass a drug test conducted pursuant to an employer's established substance abuse policy . . . ." 43 P.S. § 802(e.1).

> [I]t [is] error . . . to conclude . . . that there is no difference between Section 402(e) [of the Law] and Section 402(e.1) [of the Law]. Willful misconduct has long been construed to include the violation of a work rule, including a work rule prohibiting the use of drugs at the workplace. It must be that the Legislature meant to effect some change in the Law when it enacted Section 402(e.1) [of the Law]. [To conclude otherwise,] would render Section 402(e.1) [of the Law] mere surplusage; we are charged, however, to give effect to all the language in a statute.

*UGI Utils., Inc. v. Unemployment Comp. Bd. of Review,* 851 A.2d 240, 245 (Pa. Cmwlth. 2004) (citation omitted). Thus, Employer's argument that Claimant is ineligible for UC benefits under Section 402(e) of the Law cannot stand.

Section 402(e.1) of the Law provides that an employee is ineligible for UC benefits for any week

> [i]n which his unemployment is due to discharge or temporary suspension from work due to failure to submit and/or pass a drug test conducted pursuant to an employer's established substance abuse policy, provided that the drug

---

[5] 43 P.S. § 802(e) (relating to willful misconduct).

3

test is not requested or implemented in violation of the law or of a collective bargaining agreement.

43 P.S. § 802(e.1). "[T]o render an employee ineligible for unemployment compensation benefits under Section 402(e.1) [of the Law], the employer must establish it adopted a substance abuse policy and that the employee failed a test pursuant to that policy." *Turner v. Unemployment Comp. Bd. of Review,* 899 A.2d 381, 384 (Pa. Cmwlth. 2006).

Here, Employer's Policy, admitted into evidence at the November 12, 2014 Referee hearing, provides, in relevant part:

> **The use,** possession, sale, transfer, purchase **or being under the influence of intoxicating liquor, illegal drugs, or other intoxicants by employees at any time on [Employer's] premises or while on [Employer's] business is prohibited**. . . . **Employees must not report for duty or be on [Employer's] property while under the influence** of, or have in their possession while on [Employer's] property, any liquor, illegal drug, narcotic or substance. **Violation of this policy will result in termination**.
>
> **All employees are subject to random drug testing** and must pass the drug screen. The employee may not refuse. Management will conduct random testing at their [sic] discretion.

Reproduced Record at 28a (emphasis added). The UCBR concluded:

> [E]mployer's [P]olicy only allows for random testing. [C]laimant was not subjected to a random test; rather, [E]mployer required testing based upon suspicion of drug use. Because [E]mployer's [P]olicy does not allow for testing under those circumstances, the [UCBR] must conclude that the test was not conducted pursuant to [E]mployer's established policy. Therefore, [UC] benefits may not be denied under Section 402(e.1) of the Law.

UCBR Dec. at 3. We do not agree with this analysis because it is contrary to our established case law.

4

In *Turner*, employer terminated claimant's employment when claimant tested positive for drug use in a random drug test authorized by the employer's policy. This Court explained:

> Here, neither party disputes that employer had a substance abuse policy or that claimant tested positive for marijuana. Rather, the dispute centers on whether claimant's positive test for marijuana use, without proof that he used marijuana while on duty, actually violated the employer's policy. **However, even if we were persuaded that claimant did not violate the literal language of employer's policy, this would be of no avail to claimant. By its very terms, Section 402(e.1) [of the Law] renders claimant ineligible for benefits**. . . .
>
> **Moreover, while a literal reading of one portion of employer's policy supports claimant's argument that drug use outside of work hours was not prohibited, viewing the entire policy in context belies this claim. In establishing its substance abuse policy, employer sought to [e]stablish effective means to detect and deal with drug and alcohol abuse. In furtherance of this goal, employer established random drug testing**[.]

*Id.* at 384-85 (citations and quotation marks omitted; emphasis added). The *Turner* Court further stated:

> As this court previously has held, **'[c]laimant's submission to the condition of random drug testing is sufficient to infer [c]laimant's understanding that he had to abstain from any drug use** . . . .' *Szostek v. Unemployment Comp. Bd. of Review*, . . . 541 A.2d 48, 50 (Pa.[]Cmwlth.[]1988). The random testing provision in employer's substance abuse policy enforces the requirement that employees not only refrain from on-duty drug use but also be free from drugs remaining in employees' systems while on-duty. Otherwise the test would serve no purpose, because a positive test would be meaningless, or at least could result in no consequences absent independent direct proof of on-duty use. Thus, we conclude that claimant's positive test for marijuana constituted a violation of employer's substance abuse policy.

5

*Id.* at 385 (footnote omitted; emphasis added).

We agree the statutory language clearly provides that to be ineligible for UC benefits under Section 402(e.1) of the Law, the drug test must be in accordance with employer's substance abuse policy. Here, the express purpose of Employer's Policy is to prohibit employees from the use of any liquor, illegal drug, narcotic or substance or be under the influence of any such substance while on Employer's property given the nature of the work involved, i.e., resident care and safety. To read the inclusion of random drug testing as invalidating any other drug testing is simply illogical and contrary to the express mandate of Employer's Policy. The purpose of including the random drug testing is to make employees aware that they are subject to such testing. Clearly, if Employer can randomly test its employees, it can test them based upon reasonable cause as well. Accordingly, we hold that since Claimant's drug test was conducted in accordance with Employer's Policy, Claimant is disqualified under Section 402(e.1) of the Law from receiving UC benefits.

For all of the above reasons, the UCBR's order is reversed.

_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Katera's Kove, Inc.,       :
            Petitioner       :
      :
        v.       :
      :
Unemployment Compensation       :
Board of Review,       :     No. 464 C.D. 2015
            Respondent       :

O R D E R

AND NOW, this 30ᵗʰ day of December, 2015, the Unemployment Compensation Board of Review's March 3, 2015 order is reversed.

_____
ANNE E. COVEY, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Katera's Kove, Inc.,        :
          Petitioner   :
                      :
        v.          :     No. 464 C.D. 2015
                      :     Submitted: August 21, 2015
Unemployment Compensation  :
Board of Review,        :
          Respondent :


BEFORE:   HONORABLE DAN PELLEGRINI, President Judge
               HONORABLE MARY HANNAH LEAVITT, Judge
               HONORABLE ANNE E. COVEY, Judge

CONCURRING AND DISSENTING OPINION
BY JUDGE LEAVITT                    FILED: December 30, 2015

       The majority holds that Employer's discharge of Claimant has to be evaluated exclusively under Section 402(e.1) of the Unemployment Compensation Law (Law),[1] and I agree. I must respectfully dissent, however, from the majority's Section 402(e.1) analysis. This Court's standard of review tests the Board's adjudication for legal error, and I find no error in the Board's interpretation of Employer's substance abuse policy as allowing for only random drug testing. Thus, I would defer to the Board and affirm its order.

       As noted by the majority, Employer's substance abuse policy states, in relevant part:

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e.1). Section 402(e.1) was added by Section 3 of the Act of December 9, 2002, P.L. 1330. It is well settled that where an employer chooses to discharge an employee for failing a drug test, the employee's eligibility is governed by Section 402(e.1). The majority properly rejects Employer's argument that Claimant was ineligible by reason of Section 402(e) of the Law, 43 P.S. §802(e), which relates to general willful misconduct.

The use, possession, sale, transfer, purchase or being under the influence of intoxicating liquor, illegal drugs, or other intoxicants by employees at any time on Katera's Kove premises or while on Katera's Kove business is prohibited. The illegal use of any drug, narcotic or controlled substance is prohibited. Employees must not report for duty or be on Katera's Kove property while under the influence of, or have in their possession while on Katera's Kove property, any liquor, illegal drug, narcotic or substance. Violation of this policy will result in termination.

*All employees are subject to random drug testing and must pass the drug screen. The employee may not refuse. Management will conduct random testing at their discretion.*

Reproduced Record at 28a (R.R. __) (emphasis added). Section 402(e.1) of the Law requires that a "drug test [be] conducted pursuant to an employer's established substance abuse policy." 43 P.S. §802(e.1).

To begin, I disagree with the majority's premise that "pursuant to an employer's established substance abuse policy" means pursuant to the *purpose* of the policy, as interpreted by this Court. Section 402(e.1) states, simply, that an employer must adhere to the established terms of its policy.

Employer's established and written policy provides only for "random" drug testing of its employees. The word "random," which Employer used twice, is not superfluous. Employer did not select Claimant randomly but, rather, singled her out because of her suspected drug use that she reported on Facebook. In holding that Employer did not follow the express terms of its own policy, the Board observed that Employer may easily remedy the situation by revising its policy to allow for drug testing of employees for cause.

Assuming, *arguendo*, there is an ambiguity in Employer's substance abuse policy, it should be construed against Employer. *See, e.g., Kelley v. Unemployment Compensation Board of Review*, 466 A.2d 1143 (Pa. Cmwlth.

MHL-2

1983) (claimants not ineligible for not pursuing the employer's internal grievance mechanism when the policy handbook was ambiguous).

Finally, I find the majority's reliance on *Turner v. Unemployment Compensation Board of Review*, 899 A.2d 381 (Pa. Cmwlth. 2006), to be misplaced. In that case, the employer established a substance abuse policy "to detect and deal with drug and alcohol abuse," *id.* at 385, and to that end included a detailed random drug testing provision. When the employer did a random drug test, the claimant failed. There was no question in *Turner* that the policy authorized a dismissal for a random drug test and that the test in question was administered randomly.

The Board declined to rewrite Employer's policy to include the words "for cause." I would defer to the Board's judgment in this regard and affirm its adjudication.

_____
MARY HANNAH LEAVITT, Judge