**Darnell WALTON, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted March 22, 2002.
Decided May 3, 2002.

---

4. Because of our disposition of this matter, we cannot reach the other issues raised.

Darnell Walton, Petitioner, pro se.

Carol J. Mowery, Harrisburg, for respondent.

BEFORE: COLINS, President Judge, COHN, Judge, and MIRARCHI, Senior Judge.

OPINION BY President Judge COLINS.

Darnell Walton petitions for review of an order of the Unemployment Compensation Board of Review that affirmed a decision of a referee that denied him benefits under Section 402(e) of the Unemployment Compensation Law,[1] 43 P.S. § 802(e). We affirm the Board.

Walton was employed by Defense Depot Susquehanna as a full-time supply clerk at a rate of approximately $39,000.00 per year. He worked there for over eighteen years and his last day of work was June 20, 2001. On October 26, 2000 Walton was required to submit to a drug test when he was reassigned during a reduction in force at his employer's facility. This was not a random test, as Walton claims, but was required as part of the reassignment procedure. On November 17, 2000 Walton's employer confronted him with the fact that the test indicated a positive result for marijuana use. Walton was offered an opportunity to retake the test but he declined, advising his employer, without admitting that he used marijuana, that the result would be the same. Walton participated in an Employee Assistance Program to which his employer referred him. On January 17, 2001 Walton entered into a last-chance agreement with his employer as a condition of continued employment. Walton understood that that last-chance agreement specifically provided that he was to refrain from the use of illegal drugs and that a positive drug test would mean the termination of his employment. On or about June 15, 2001 Walton's employer received the results of a follow-up drug test that indicated that Walton had again tested positive for marijuana. On January 20, 2001 Walton was confronted with this result which he said was accurate. He was offered a retest but he declined. Walton was then discharged for violating the terms of the last-chance agreement.

Walton subsequently filed for unemployment compensation benefits and was denied by the Department of Labor and Industry. A referee affirmed that determination after a hearing at which both Walton and his employer appeared and testified. Walton appealed the referee's decision to the Unemployment Compensation Board of Review and the Board affirmed the decision of the referee. This appeal followed.

The questions we are asked to determine are whether the Board's findings of fact are conclusive and binding on review because Walton did not challenge them and whether the Board properly denied benefits under Section 402(e) where Walton violated the terms of his last-chance agreement by using marijuana.[2]

■ Walton has waived any right to dispute the facts as found by the Board be-

1. Act of December 15, 1936, Second Ex.Sess., P.L. 2897 (1937), *as amended.*

2. Our standard of review is limited to determining whether the findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

cause he did not challenge them in his petition for review, *Tyler v. Unemployment Compensation Board of Review,* 139 Pa.Cmwlth. 598, 591 A.2d 1164 (1991), and we must, therefore, accept them as the facts of this case.

■ Walton was denied unemployment benefits pursuant to Section 402(e) of the Law, 43 P.S. § 802(e), that states in pertinent part that "[a]n employee shall be ineligible for compensation for any week ... in which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work ..." Our Supreme Court has defined willful misconduct for purposes of this statute as an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of standards of behavior which the employer has a right to expect of an employee. *Frumento v. Unemployment Compensation Board of Review,* 466 Pa. 81, 83, 351 A.2d 631, 632. (1976). Walton tested positive for marijuana use and entered into an agreement with his employer that he would remain employed on the condition that he refrain from the use of illegal drugs. Walton subsequently tested positive for marijuana in violation of that agreement. Failing to abide by an agreement to refrain from the use of illegal drugs constitutes willful misconduct as it is a violation of an employer's work rule and as well as a disregard of the standard of behavior that an employer has a right to expect of an employee. *Szostek v. Unemployment Compensation Board of Review,* 116 Pa.Cmwlth. 7, 541 A.2d 48 (1988).

Accordingly, we affirm the order of the Board in this matter.

### ORDER

AND NOW, this 3rd day of May 2002, the order of the Unemployment Compensation Board of Review affirming the decision of the Referee in this matter is affirmed.