Israel Chestnut, : 
            Petitioner : 
             : No. 202 C.D. 2019
        v. : 
             : Submitted: October 4, 2019
Unemployment Compensation : 
Board of Review, : 
            Respondent : 


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ELLEN CEISLER, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                       FILED: January 3, 2020


        Israel Chestnut (Claimant) petitions for review of the January 18, 2019 order of the Unemployment Compensation Board of Review (Board), which affirmed the referee's decision finding that he was ineligible for unemployment compensation (UC) benefits pursuant to section 402(e) of the Unemployment Compensation Law (Law).[1]

        Claimant was employed by the United States Department of Treasury, specifically, the Internal Revenue Service (Employer and IRS), as a full-time Seasonal Clerk until August 24, 2018. (Certified Record (C.R.), Item Nos. 2, 11, Finding of Fact (F.F.) Nos. 1, 10.) On December 4, 2013, Employer suggested terminating Claimant

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(e). In relevant part, section 402(e) states that an employee shall be ineligible for compensation for any week in which his unemployment is due to willful misconduct connected with his work.

for his failure to file his 2011 income tax return and pay his 2011 federal income taxes on time. (C.R. Item No. 11, F.F. No. 2.) Claimant entered into a Last Chance Agreement on February 27, 2014, with Employer (LCA) and was suspended for 30 days. (C.R. Item No. 11, F.F. No. 3.) In the LCA, Claimant agreed that he would refrain from engaging in any future tax-related misconduct, "such as failing to properly and timely file and pay [his] federal income taxes," and acknowledged that any further tax-related misconduct would result in his proposed termination. (C.R. Item No. 11, F.F. No. 4.) Four years later, on May 23, 2018, Employer notified Claimant that it planned to discharge him because he failed to timely pay his 2015 federal income taxes. (C.R. Item No. 11, F.F. No. 6.) Claimant was given 15 days to respond to the proposed action. (C.R. Item No. 11.) In June of 2018, Claimant started retirement procedures. (F.F. No. 8.) Claimant did not respond to the letter and was notified on August 16, 2018, that he would be terminated because he did not pay his 2015 federal income taxes. (F.F. No. 9.) Claimant voluntarily resigned from employment, citing retirement, on August 22, 2018. (F.F. No. 11.)

Although Claimant maintains at the time of his termination that he had already initiated retirement procedures, Employer argues that he was terminated for misconduct. The referee noted that Claimant voluntarily resigned on August 22, 2018, stating that he was retiring. (C.R. Item No. 11, F.F. No. 11.) However, the referee found that although Claimant may have initiated retirement proceedings, he was terminated effective August 24, 2018. (C.R. Item No. 11, F.F. No. 10.)

On September 20, 2018, the local service center determined that Claimant was ineligible for benefits under section 402(b) of the Law, 43 P.S. §802(b).[2] (C.R.

---

[2] Section 402(b) of the Law provides, in relevant part,

Item No. 4.)  Claimant appealed the local service center's determination on September 25, 2018.  (C.R. Item No. 5.)  A hearing was held before the referee on October 23, 2018, with respect to the following issues:  (1) whether Claimant's unemployment was due to him voluntarily leaving work without a necessitous and compelling reason under section 402(b) of the Law, 43 P.S. §802(b); (2) whether Claimant's unemployment was due to willful misconduct under section 402(e) of the Law, 43 P.S. §802(e); and (3) whether Claimant was able and available for suitable work under section 401(d)(1), (2) of the Law, 43 P.S. §801(d)(1), (2).  (C.R. Item No. 10.)  The referee conducted a hearing at which Employer testified to the above facts.

By decision mailed October 24, 2018, the referee affirmed but modified the local service center's determination. (C.R. Item No. 12.)  More specifically, the referee concluded that Claimant was ineligible under section 402(e) of the Law.  *Id.* The referee found that under Pennsylvania law, Claimant resigned in the face of termination and, therefore, the separation should be treated as a discharge.  *Id.* Consequently, the referee explained that because Claimant was discharged for misconduct, *i.e.*, violating his LCA, he was not entitled to UC benefits.  *Id.*  The referee stated that, because Claimant did not dispute the testimony or evidence presented by Employer, but remained silent, the testimony and evidence was deemed to be "an admission."  *Id.*  Therefore, he found that Employer had met its burden and that

---

An employe shall be ineligible for compensation for any week --

(b) In which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature, irrespective of whether or not such work is in "employment" as defined in this act.

43 P.S. §802(b).

3

Claimant had failed to establish good cause for his actions and was therefore appropriately terminated for willful misconduct. *Id*.

Claimant appealed the referee's decision, arguing that Employer had not shown his actions constituted willful misconduct. (C.R. Item Nos. 13, 15.) The Board rejected this argument and affirmed the referee's decision. (C.R. Item No. 16)

**Discussion**

On appeal,[3] Claimant raises one issue: whether the Board erred in finding him ineligible for benefits under section 402(e) of the Law for willful misconduct. Claimant argues that the Board's decision was incorrect because Employer did not meet its burden under section 402(e) of the Law to establish that his actions constituted willful misconduct. As a corollary matter, Claimant states that his silence and failure to deny the allegations in this case do not constitute an admission.

The issue of whether a claimant's conduct constituted willful misconduct is a question of law fully reviewable by this Court. *Klampfer v. Unemployment Compensation Board of Review*, 182 A.3d 495, 499 (Pa. Cwmlth. 2018) (citing *Ductmate Industries, Inc. v. Unemployment Compensation Board of Review*, 949 A.2d 338 (Pa. Cmwlth. 2008)).[4] Section 402(e) of the Law provides that an employee shall be ineligible for compensation for any week

---

[3] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether findings of fact are supported by substantial evidence. *Ellis v. Unemployment Compensation Board of Review*, 59 A.3d 1159, 1162 n.2 (Pa. Cmwlth. 2013). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chartiers Community Mental Health and Retardation Center v. Unemployment Compensation Board of Review*, 134 A.3d 1165, 1170 n.2 (Pa. Cmwlth. 2016).

[4] This Court has recently reiterated that

4

[i]n which his unemployment is due to his discharge or temporary suspension from work for willful misconduct connected with his work, irrespective of whether or not such work is "employment" as defined in this act. . . .

43 P.S. §802(e). Although the statute does not define willful misconduct, this Court has defined willful misconduct as:

(1) wanton and willful disregard of an employer's interests; (2) deliberate violation of rules; (3) disregard of the standards of behavior which an employer can rightfully expect from an employee; or[] (4) negligence showing an intentional disregard of the employer's interests or the employee's duties and obligations.

It is well settled that the Board is the ultimate factfinder in unemployment compensation proceedings. *Peak v. Unemployment Compensation Board of Review*, . . . 501 A.2d 1383, 1385 ([Pa.] 1985); *Chapman* [*v. Unemployment Compensation Board of Review*, 20 A.2d 603, 607 (Pa. Cmwlth. 2011)]; *Chamoun v. Unemployment Compensation Board of Review*, . . . 542 A.2d 207, 208 ([Pa. Cmwlth.] 1988). Thus, issues of credibility are for the Board, and the Board may accept or reject a witness's testimony whether or not it is corroborated by other evidence of record. *Peak*; *Chamoun*. The Board's findings of fact are conclusive on appeal if the record, taken as a whole, contains substantial evidence to support them. *Taylor v. Unemployment Compensation Board of Review*, . . . 378 A.2d 829, 831 ([Pa.] 1977). Finally, this Court must examine the evidence in the light most favorable to the party that prevailed before the Board and give that party the benefit of all inferences that can be logically and reasonably drawn from the evidence. *Chapman*, 20 A.2d at 607.

*Halloran v. Unemployment Compensation Board of Review*, 188 A.3d 592, 597 (Pa. Cmwlth. 2018).

*Waverly Heights, Ltd. v. Unemployment Compensation Board of Review*, 173 A.3d 1224, 1228 (Pa. Cmwlth. 2017). However, "a negligent act alone does not constitute willful misconduct; rather, the conduct must be of 'an intentional and deliberate nature.'" *Fugh v. Unemployment Compensation Board of Review*, 153 A.3d 1169, 1176 (Pa. Cmwlth. 2017) (quoting *Grieb v. Unemployment Compensation Board of Review*, 827 A.2d 422, 426 (Pa. 2003)). The employer bears the burden of establishing that it discharged an employee for willful misconduct. *Waverly Heights*, 173 A.3d 1224, 1228 (quoting *Adams v. Unemployment Compensation Board of Review*, 56 A.3d 76, 78-79 (Pa. Cmwlth. 2012)).

Here, Claimant wantonly and willfully disregarded Employer's interests. Employer is the IRS, the entity responsible for collecting federal income taxes, and has a right to expect that its employees will timely file and pay their income taxes. Initially, on December 4, 2013, Claimant was recommended for termination for failing to pay or file his 2011 federal income taxes. This led to him being placed on the LCA on February 27, 2014. The LCA explicitly reflected that claimant was to refrain from engaging in any future tax-related misconduct including **failing to pay or file his taxes on time**. Claimant engaged in such misconduct by failing to pay his 2015 federal income taxes on time.

Furthermore, this Court has found that the violation of a last chance agreement rises to the level of willful misconduct. *See*, *e.g.*, *Guthrie v. Unemployment Compensation Board of Review*, 738 A.2d 518, 522 (Pa. Cmwlth. 1999) (affirming the Board's finding that the violation of a last chance agreement by the employee satisfied the employer's burden of proving willful misconduct); *Walton v. Unemployment Compensation Board of Review*, 797 A.2d 437, 438 (Pa. Cmwlth. 2002) (finding that failing to abide by a last chance agreement prohibiting the use of illegal drugs is willful

misconduct); *Hartman v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 1089 C.D. 2011, filed Apr. 5, 2012) (unreported) (concluding that the violation of a last chance agreement for failing to be a model employee and adhere to the employer's standards of conduct constitutes willful misconduct); *Gordon Terminal Service Co. v. Unemployment Compensation Board of Review* (Pa. Cmwlth., No. 2086 C.D. 2014, filed July 7, 2015) (unreported) (finding an employee ineligible for benefits because of willful misconduct, where the employee was put on a last chance agreement for tardiness and absenteeism and continued such behavior).[5]

The instant matter is similar to the issues this Court encountered in *Walton* and *Guthrie*. In *Walton* the employee was found to have marijuana in his system after a drug test. 797 A.2d at 438. The employee entered into a last chance agreement understanding that he was specifically prohibited from the use of illegal drugs and that a positive test would result in his termination. *Id*. A later drug test showed that the employee had tested positive for marijuana and, therefore, he was discharged for violating the terms of the agreement. *Id*. This Court found that his violation of the agreement constituted willful misconduct. *Id*. at 439.

In *Guthrie*, the Board found that the employee's conduct was governed by a last chance agreement between him, his union, and the employer. 738 A.2d at 520. Under the agreement, the employee was required to refrain from insubordination; if he failed to refrain from such conduct, the first instance would result in a five-day suspension and the second would result in termination. *Id*. The employee subsequently was disrespectful toward his supervisor and was discharged for violating the

---

[5] *Gordon* and *Hartman* are unreported opinions. Under section 414(a) of this Court's Internal Operating Procedures, an unreported opinion may be cited for its persuasive value. 210 Pa. Code §69.414(a).

agreement. *Id*. at 521. This Court concluded that the violation of the last chance agreement was sufficient to establish willful misconduct. *Id*. at 522.

In the present case, Claimant was put on the LCA for failing to pay and file his 2011 income tax returns on time. Claimant was aware that he was precluded from engaging in any more tax-related misconduct, such as failing to file or pay his taxes on time. The record clearly establishes that Claimant failed to abide by the LCA and was subsequently discharged. Similar to *Guthrie* and *Walton*, we conclude, here, the Board did not err in concluding that Claimant committed willful misconduct because he violated the LCA between him and Employer.

Nevertheless, Claimant contends that the Board's conclusion was not supported by substantial evidence in the record. We disagree. Claimant contends that "there is no evidence in the record to establish whether or not Claimant committed willful misconduct. The only testimony is the vague allegation that Claimant's 'tax issue' was a violation of the alleged agreement from 2014." (Claimant's Br. at 13.) However, the record clearly reflects two letters, sent on May 23, 2018,[6] and August 16, 2018, respectively, which addressed misconduct. (C.R. Item No. 11.) The May letter reflects that Claimant was expressly prohibited from engaging in other tax-related misconduct, including **failing to pay his taxes**. Significantly, Claimant alleges that "[he was] not clear what the tax-related issue was." (C.R. Item No. 11, N.T. at 12.) However, the May 23, 2018 letter clearly reprimanded him for failing to pay his 2015 federal income taxes. Additionally, in the same letter, Claimant was afforded the opportunity to respond and take four hours of administrative time in order to secure affidavits and prepare an answer. Claimant had the chance to respond and investigate but decided not to do so. Despite any confusion that took place during the hearing, the

---

[6] Claimant unequivocally acknowledges that he received the letter proposing his termination for failure to follow the LCA. (C.R. Item No. 11, Notes of Testimony (N.T.) at 10.)

8

letter unmistakably states that Claimant failed to pay his taxes. Furthermore, following the receipt of these letters, Claimant began to initiate retirement proceedings in order to better preserve his financial interests.[7] Thus, the record supports the Board's conclusion.

Accordingly, having found that the Board did not err in affirming and adopting the referee's decision, we affirm the Board's order.[8]

_____

PATRICIA A. McCULLOUGH, Judge

---

[7] Claimant explained that he initiated retirement proceedings early because "the Agency extracts a part of your retirement money if you are removed for termination," and he wanted to leave with as much of his retirement as he could have. (C.R. Item No. 11, N.T. 7-8.)

[8] In light of our determination above that the record contains substantial evidence in support of a finding of willful misconduct, we need not reach Claimant's remaining argument with respect to whether his silence constituted an admission.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Israel Chestnut,                           :
                    Petitioner             :
                                           :     No.  202 C.D. 2019
        v.                                 :
                                           :
Unemployment Compensation                  :
Board of Review,                           :
                    Respondent             :

## *ORDER*

AND NOW, this 3rd day of January, 2020, the January 18, 2019 order of the Unemployment Compensation Board of Review affirming the referee's decision is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge